**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Virginia A. Sanderson (Bar No. 240241)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:  (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
ginny@KRInternetLaw.com

Attorneys for Plaintiffs

**BAILEY & GLASSER LLP**
John Roddy (admitted pro hac vice)
125 Summer Street, Suite 1030
Boston MA 02110
Telephone:  (617) 439-6730
Facsimile:  (617) 951-3954
jroddy@baileyglasser.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EDWARD FIELDS**, an individual, **CATHIE O'HANKS**, an individual, **ERIK KRISTIANSON**, an individual, **JACQUELINE P. ANDERSON**, an individual, **DAVID HANSON**, an individual, **RICHARD PARMENTIER**, an individual, **KIMBERLY BREWSTER**, an individual, **KEVIN BREWSTER**, an individual, and **KRISTIAN KUNDER**, an individual, individually and on behalf of a class of similarly situated persons,<br><br>        Plaintiffs,<br><br>        vs.<br><br>**WISE MEDIA, LLC**, a Georgia limited liability company, **MOBILE MESSENGER AMERICAS, INC.**, a Delaware corporation, **MBLOX INCORPORATED**, a Delaware corporation, **MOTRICITY, INC.**, a Delaware corporation, and **DOES 1-10**, inclusive,<br><br>        Defendants. | **CLASS ACTION**<br><br>Case No. 3:12-cv-05160-WHA<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Case No. 3:12-cv-05160-WHA

**FIRST AMENDED COMPLAINT**

1   Plaintiffs Edward Fields, Cathie O'Hanks, Erik Kristianson, Jacqueline P.

2   Anderson, David Hanson, Richard Parmentier, Kimberly Brewster, Kevin Brewster, and

3   Kristian Kunder, individually and on behalf of a class of similarly situated persons, bring

4   this action, by and through their undersigned counsel, and allege as follows:

5                                    **INTRODUCTION**

6        1.      This action concerns a scheme by Defendants Wise Media, LLC ("Wise

7   Media"), Mobile Messenger Americas, Inc. ("Mobile Messenger"), mBlox Incorporated

8   ("mBlox"), and Motricity, Inc. ("Motricity") (collectively, "Defendants") to enroll

9   consumers—without their knowledge or consent—in short message service ("SMS") text

10  subscription plans with monthly membership fees of $9.99.

11       2.      According to Defendants, consumers voluntarily subscribed to receive three

12  SMS texts per week, delivered to their mobile phones, which texts provide various tips or

13  trivia, such as flirting tips, via "LoveGenieTips," "LongLifeLoveTips," "LoveTips4Life," and

14  "LuvSwap"; horoscopes, via "HoroscopeGenie"; or celebrity gossip tidbits, via

15  "GossipRage" (the "Subscription Plans").

16       3.      The truth is, no consumers voluntarily subscribed to any such service.

17  Rather, Wise Media sent unsolicited texts to consumers who had no prior relationship with

18  Defendants.

19       4.      Regardless of whether a consumer responded to Wise Media's initial text, in

20  a manner of minutes Defendants enrolled the consumer in one of the Subscription Plans

21  without the consumer's authorization, and charged the consumer $9.99 per month until

22  the consumer noticed the charge and cancelled the service.

23       5.      The Federal Trade Commission (the "FTC") recently condemned this

24  practice of imposing unauthorized charges, known as "cramming," in the cell phone

25  industry. The FTC stated that it and the Federal Communications Commission (the "FCC")

26  have reviewed thousands of cramming complaints in the past few years, but even that

27  volume represents just the tip of the iceberg. The FTC noted that "many of the complaints

28  involve recurring charges of just under $10 a month for 'premium services' that provide

KRONENBERGER ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108

1    trivia or horoscope information by text message to a consumer's phone," the very scheme
2    that Plaintiffs here challenge.

3        6.    As a result of Defendants' misconduct, including their use of consumers'
4    mobile phone numbers to send unsolicited text messages and to involuntarily enroll
5    consumers in one of the Subscription Plans, Plaintiffs and numerous other consumers
6    similar to Plaintiffs were wrongfully charged subscription fees and/or text fees.

7                            **JURISDICTION AND VENUE**

8        7.    This Court has subject matter jurisdiction under 28 U.S.C. §1331 for
9    Plaintiffs' claim under the Telephone Consumer Protection Act, 47 U.S.C. §227.  This
10   Court has subject matter jurisdiction under 28 U.S.C. §1367 for Plaintiffs' remaining
11   claims because they are so related to Plaintiffs' federal claim that they form part of the
12   same case or controversy under Article III of the U.S. Constitution.

13       8.    This Court also has subject matter jurisdiction over this matter under 28
14   U.S.C. §1332(d)(2) because this is a civil action in which the matter in controversy
15   exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class
16   action in which a member of the class of plaintiffs is a citizen of a State different from all
17   Defendants.   On information and belief, less than two-thirds of the members of all
18   proposed plaintiff classes in the aggregate are citizens of California.

19       9.    This Court has personal jurisdiction over Defendants because a substantial
20   part of Defendants' misconduct that gave rise to this action occurred in California,
21   including because some of the Plaintiffs reside in California and were harmed in
22   California.  Moreover, Defendant Mobile Messenger has its headquarters in Los Angeles,
23   California and Defendant mBlox has its headquarters in Irvine, California.

24       10.   Venue is proper under 28 U.S.C. §1391(a)(2) because this is a judicial
25   district in which a substantial part of the events or omissions giving rise to the claim
26   occurred.  To wit, some of the Plaintiffs reside in this district and were harmed in this
27   district, and on information and belief, numerous other class members reside in this
28   district.

**FIRST AMENDED COMPLAINT**
                                        2

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

**PARTIES**

11.     Plaintiff Edward Fields is an individual residing in Albany, California.

12.     Plaintiff Cathie O'Hanks is an individual residing in El Cerrito, California.

13.     Plaintiff Erik Kristianson is an individual residing in El Cerrito, California.

14.     Plaintiff Jacqueline P. Anderson is an individual residing in Prior Lake, Minnesota.

15.     Plaintiff David Hanson is an individual residing in Prior Lake, Minnesota.

16.     Plaintiff Richard Parmentier is an individual residing in San Jose, California.

17.     Plaintiff Kimberly Brewster is an individual residing in LaPorte, Colorado.

18.     Plaintiff Kevin Brewster is an individual residing in LaPorte, Colorado.

19.     Plaintiff Kristian Kunder is an individual residing in Chicago, Illinois.

20.     Defendant Wise Media, LLC is a Georgia limited liability company based in Grayson, Georgia.

21.     Defendant Mobile Messenger Americas, Inc. is a Delaware corporation based in Los Angeles, California.

22.     Defendant mBlox Incorporated is a Delaware corporation based in Irvine, California.

23.     Defendant Motricity, Inc. is a Delaware corporation based in Bellevue, Washington.

24.     Plaintiffs do not know the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive (the "Doe Defendants") and therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this complaint to allege the true names and capacities of Does 1 through 10, inclusive, when ascertained. Plaintiffs are informed and believe, and, on that basis, allege that each Defendant sued herein by a fictitious name is in some way liable and responsible to Plaintiffs based on the facts herein alleged.

//

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

## FACTUAL ALLEGATIONS

### The Cottage Industry of Cramming Fraud

25.    A recent Senate Commerce Committee report found that telephone companies place approximately 300 million third-party charges on their customers' landline bills, **amounting to more than $2 billion in charges each year.** *Unauthorized Charges on Telephone Bills*, Staff Report of Committee on Commerce, Science, and Transportation, Office of Oversight and Investigations, July 12, 2011, at ii.

26.    Telephone customers "overwhelmingly reported" that third party charges discovered on their bills were unauthorized. *Id.*

27.    The Committee ultimately concluded that although there are "some legitimate companies" in the third party billing industry, id., at 44, "many third-party vendors are illegitimate and *created solely to exploit third-party billing*." *Id.,* at iii (emphasis added).

28.    As a result, "third-party billing has made telephone customers targets for fraud." Id., at 44.

29.    The Committee Report noted that although its findings were focused upon third party billing abuses on landline phones, cramming on wireless phones is subject to the same problems. *Id.*, at 6.

30.    Cramming fraud in the wireless industry was examined in recent FCC administrative proceedings. *In the Matter of Empowering Consumers to Prevent and Detect Billing for Unauthorized Charges ("Cramming")*, CG Docket No. 11-116.

31.    The Commission has acknowledged that the percentage of cramming complaints appears to have nearly doubled from 2008-2010 to 2011.  This dramatic increase is reflective[ of a trend that "overwhelming[ly] demonstrates [it] … to be … a significant problem," resulting "in millions of fraudulent charges being placed on consumer bills, ….".  Comments of the Center for Media Justice, Consumer Action, Consumer Federation of America, Consumers Union, Nation Consumer Law Center, and National Consumer League, at 10.

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

32.     Of particular relevance to this lawsuit, these public interest groups noted that "[e]arlier this year, for example, there were reports of thousands of complaints about $9.99 a month charges for "mobile purchases" stemming from allegedly unsolicited and unwanted text messages from a company known as "Love Genie Tips." *Id.*

33.     The National Consumer Law Center noted that "[m]any times, text spam will include a message like: 'HoroscopeGenie Alert: 3horoscopes/wk for $9.99/mo Reply HELP for help, STOP to cancel. Msg&data rates may apply.' If a consumer does not reply 'STOP,' then the spammer assumes that the consumer wants the service and bills the consumer despite never receiving any affirmative consent. Sometimes, even when a consumer tells the crammer to stop, the crammer will continue to charge the consumer." Id., at 12.

34.     A Google search for "lovegenietips" or "horoscopegenie" produces at least five pages of hits containing complaints from consumers alleging that they never subscribed to these "services" and were nevertheless charged $9.99 per month on their mobile phone bills until they discovered the unauthorized charges.

35.     The site scambook.com has a representative sampling of Wise Media complaints, all alleging the same unauthorized charges.

- Wise Media LLC Complaint 133772 for $9.99

  Posted Jul 10th, 2012

  Today I received my t-mobile bill and I was charged 9.99 plus taxes for a subscription on Wise Media LLC. I never subscribed for anything and I never received a text or email confirming any…

- Wise Media LLC Complaint 104822 for $9.99

  Posted Apr 20th, 2012

  This appeared on my child's line and I am so mad...How can they do this?!!! There is no agreement or use of their services what so ever on our part. I need this resolved!

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

- **WiseMediaUS Complaint 124415 for $19.98**

Posted Jun 11th, 2012

I was billed by AT&T. It was attached to my AT&T bill by www.mblox.com. However when I called mblox they said that it was a bill from WiseMediaUS and I would get a call back, but no one…

- **Wise Media LLC Complaint 145308 for $9.99**

Posted Aug 10th, 2012

I was charged in my cell ph 9.99 for a "subscription" that I supposedly bought. This is a total scam, that is not true, I never bought anything from them. I called my cell provider and they…

- **Wise Media (Love Genie Tip Alerts Phone Number Complaint 92686 for $9.99**

Posted Mar 23rd, 2012

Received text and called immediately telling I did not authorize such a charge and asking what the company does (no reply). I then told the operator to cancel immediately and was told I would receive…

- **LongLifeLoveTipsAle and LoveTips4LifeAlerts Complaint 79648 for $21.52**

Posted Feb 26th, 2012

I noticed my cell phone bill was much higher. There are 2 charges dated 02/10/12 and 02/12/12 both from a Wise Media titled LongLifeLoveTips Ale and LoveTips4Life Alerts both charges are 9.99 each…

36.     The New  York Times featured Wise Media's HoroscopeGenie "service" in an April 7, 2012 follow-up to an earlier article [March, 28 2012] detailing a Massachusetts' doctor's story of being victimized by this fraud.

### The Mechanics of Defendants' Cramming Fraud

37.     On information and belief, Wise Media owns and operates the Internet websites located at <www.lovegenietips.com>, <www.horoscopegenie.com>, <www.longlifelovetips.com>, <www.gossiprage.com>, <www.diettipz.com>, <www.lovetips4life.com>, and <www.luvswap.me> (the "Websites").  The Websites offer consumers the opportunity to enroll in subscription SMS text plans[1], whereby consumers

---

[1] An "SMS message" is a text message call directed to a wireless device through the use

KRONENBERGER | ROSENFELD    150 Post Street, Suite 520,   San Francisco, CA  94108

receive flirting tips, horoscopes, celebrity gossip tidbits, or weight loss advice a few times per week for $9.99 per month.

38.   The Websites' home pages display these offers and provide a method through which consumers can theoretically enroll in the Subscription Plans voluntarily by entering their mobile phone numbers.

39.   However, no consumers actually enrolled in the Subscription Plans voluntarily.

40.   Rather, on information and belief, Defendants obtained and used the mobile phone numbers of consumers without the consumers' knowledge or consent.  Defendants obtained and used these numbers for consumers who had never visited the Websites, who had never expressed interest in Defendants or the Subscription Plans, and who had no existing or prior relationship with Defendants.

41.   Without any action or solicitation by the consumers, Wise Media sent SMS texts to consumers' mobile phone numbers (the "Initial Text").

42.   On information and belief, Wise Media sent these SMS texts using equipment that had the capacity to store or produce telephone numbers to be called, using a random sequential number generator.

43.   As an example, for consumers who were charged for the LoveGenieTips Subscription Plan, the Initial Texts stated:

> Lovegenietips  Flirting  Tips;  3msg/week  for  $9.99/m  T&Cs: lovegenietips.com Msg&data rates may apply. Reply HELP for help, STOP to cancel. PIN ****

44.   On information and belief, consumers who were enrolled in the other Subscription Plans received similar Initial Texts tailored to the specific Subscription Plan.

45.   Depending on the consumer's mobile service plan, the consumer may have been charged for receiving the Initial Text and subsequent texts.

//

of the telephone number assigned to the device.

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

46.    Regardless of whether a consumer responded to the Initial Text, in a manner of minutes, Defendants enrolled the consumer in one of the Subscription Plans without the consumer's knowledge or consent.

47.    Once enrolled, Defendants billed the consumer $9.99 per month for the Subscription Plan until the consumer cancelled the service.

### The Aggregator Defendants' Roles in the Misconduct

48.    On information and belief, Defendants Mobile Messenger, mBlox, and Motricity (the "Aggregator Defendants") all knew about, actively participated in, and provided material assistance to Wise Media in the above-described misconduct. Additionally, the Aggregator Defendants shared in the revenue from the above-described misconduct with Wise Media.

49.    The Aggregator Defendants served as SMS aggregators for Defendant Wise Media.  Aggregators serve as a liaison between a merchant (*i.e.* Wise Media) and mobile service provider (e.g. T-Mobile).  Thus, Wise Media could only charge consumers for the Subscription Plans on consumers' mobile phone bills with the assistance of the Aggregator Defendants.

50.    In their roles as aggregators, the Aggregator Defendants provided material support to Wise Media in enrolling consumers in the Subscription Plans and charging consumers for the Subscription Plans.

51.    On information and belief, the Aggregator Defendants also provided customer support for the Subscription Plans and monitored the billings, complaints, and cancellations of the Subscription Plans.  As a result, the Aggregator Defendants knew about—or recklessly disregarded—the fact that consumers had not voluntarily enrolled in the Subscription Plans.

### Plaintiff Fields

52.    On March 13, 2012 at 6:05 a.m., Plaintiff Fields received an SMS text message from a five-digit number, 836-60.  The text advertised a flirting tips service (i.e.,

KRONENBERGER ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

LoveGenieTips), which offered 3 flirting tip texts per week for a charge of $9.99 per month.

53.   Two minutes later, at 6:07 a.m., Fields received a second SMS text message from the same five-digit number, 836-60, stating that he had been enrolled in the LoveGenieTips Subscription Plan.

54.   Fields was in bed asleep when he received the texts.  Although the sound of his mobile phone signaling the first text woke him up, he did not leave his bed until after both text messages had been received, and only viewed them once he had arisen.

55.   Fields did not recognize the five-digit sender number or LoveGenieTips. Fields did not enroll in any flirting tips subscription plan and did not authorize the sending of the texts.

56.   Fields does not often use text messages, and thus he does not have a monthly text or data allotment as part of his mobile phone plan.  Fields is charged $0.20 for each text he receives by his wireless carrier, AT&T.

57.   Because Fields knew that he would be charged for each of the unsolicited text messages, he called AT&T later that day to ask that the charges be removed.  When he spoke with a representative of AT&T, he was informed that he had also been charged $9.99 for the LoveGenieTips Subscription Plan.

58.   Fields never intended to enroll in the Subscription Plan.  Fields did not have a relationship with Defendants, had not solicited any goods or services from Defendants, and had not responded to any of the texts.

59.   Fields' subsequent mobile phone bill contained a Monthly Subscription charge dated March 13, 2012 for LoveGenieTips Alerts in the amount of $9.99.  The bill provided the information for the subscription provider as Wise Media with contact information listed as 800-331-0500 (a phone number for AT&T).  Fields' mobile phone bill also contained two $0.20 charges for the unsolicited text messages.

//

//

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

60.     While Fields was able to convince his mobile service provider to refund the Subscription Plan charges, he was not able to obtain a refund for the two $0.20 text charges.

61.     Fields never authorized the charge for the LoveGenieTips Subscription Plan, which was charged to his mobile phone bill the same day and presumably minutes after he received the first SMS text message from 836-60.  Nor did Fields authorize the unsolicited texts or the resulting charges.

**Plaintiffs O'Hanks & Kristianson**

62.     Plaintiff O'Hanks is Plaintiff Kristianson's grandmother.

63.     O'Hanks and Kristianson share a mobile phone service plan.  To wit, the monthly charges for Kristianson's and O'Hanks' mobile phones appear on a single bill, which is directed to and paid by O'Hanks.  This type of mobile service plan is commonly referred to as a friends-and-family plan.

64.     On February 3, 2012, Kristianson received an SMS text message from a five-digit number, 271-40.  The text advertised a horoscope service (i.e., HoroscopeGenie), which offered 3 horoscope texts per week for a charge of $9.99 per month.

65.     Kristianson did not recognize the five-digit sender number or HoroscopeGenie.

66.     Kristianson had never expressed interest in any horoscope texting service and had never heard of any of the Defendants or their horoscope-related websites.

67.     Because Kristianson did not recognize the five-digit sender number and had no interest in horoscope services, he sent a reply text indicating that he did not want to be enrolled in the HoroscopeGenie Subscription Plan.

68.     Despite Kristianson's reply text, Defendants enrolled Kristianson in the HoroscopeGenie Subscription Plan and charged O'Hanks $9.99 per month on O'Hanks' mobile phone bill.

//

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

1    69.    Neither Kristianson nor O'Hanks ever authorized the charges for the

2    HoroscopeGenie Subscription Plan, which was charged to O'Hanks' mobile phone bill.

3    Neither Kristianson nor O'Hanks authorized the unsolicited texts.

4    70.    Because of the voluminous nature of O'Hanks' mobile phone bill, O'Hanks

5    did not discover these unauthorized charges for three months.

6    **Plaintiffs Jacqueline P. Anderson and David Hanson**

7    71.    Plaintiffs Anderson and Hanson are married individuals.

8    72.    Plaintiffs Anderson and Hanson share a mobile phone service plan.  To wit,

9    the monthly charges for Anderson's and Hanson's mobile phones appear on a single bill,

10    which is directed to and paid by Anderson.

11    73.    In or around July 2012, Hanson received an SMS text message from a five-

12    digit number, 849-30.  The text advertised a flirting tips service (i.e., LongLifeLoveTips),

13    which offered 3 flirting tip texts per week for a charge of $9.99 per month.

14    74.    Neither Hanson nor Anderson recognized the five-digit sender number or

15    LongLifeLoveTips.

16    75.    Neither Hanson nor Anderson had ever expressed interest in any flirting

17    tips texting service and had never heard of any of the Defendants or their flirting tips-

18    related websites.

19    76.    Because Hanson did not recognize the five-digit sender number and had no

20    interest in flirting tips, he ignored the text.

21    77.    Neither Hanson nor Anderson authorized the unsolicited texts from 849-30.

22    78.    At the time of the Initial Text, neither Hanson nor Anderson used a smart

23    phone, and thus were ineligible to receive premium data services, such as the

24    LongLifeLoveTips Subscription Plan.

25    79.    In early August 2012, Anderson and Hanson upgraded their mobile phones

26    to "smart" phones, which were eligible for premium data services, such as the

27    Subscription Plans.

28    //

KRONENBERGER ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108

80.   On September 5, 2012, Anderson and Hanson received their first mobile phone bill for their smart phones.  This bill included an unauthorized charge for $9.99 for the LongLifeLoveTips Subscription Plan.

81.   Neither Anderson nor Hanson authorized the charge for the LongLifeLoveTips Subscription Plan.

82.   Anderson contacted Wise Media in an effort to obtain a refund for the unauthorized charge.  While a representative of Wise Media told Anderson that she would receive a paper check for the refund, Anderson never received any refund from Wise Media.

**Plaintiff Richard Parmentier**

83.   In late July, 2012, Plaintiff Parmentier received an SMS text message from a five-digit sender number, 721-39.  The text advertised a celebrity gossip tidbit service (i.e., GossipRage), which offered 3 celebrity gossip tidbit texts per week for a charge of $9.99 per month.

84.   A couple of minutes later, Parmentier received a second SMS text message from the same five-digit number, 721-39, stating that he had been enrolled in the GossipRage Subscription Plan.

85.   Parmentier never authorized these unsolicited texts from 721-39.

86.   Because Parmentier did not recognize the five-digit sender number and had no interest in celebrity gossip, he ignored the texts.

87.   Moreover, Parmentier never intended to enroll in the Subscription Plan. Parmentier did not have a relationship with Defendants, had not solicited any goods or services from Defendants, and had not responded to any of the texts.

88.   Parmentier's subsequent mobile phone bill contained a monthly subscription charge dated July 28, 2012 for GossipRage in the amount of $9.99.  The bill provided the information for the subscription provider as Wise Media with contact information listed as a phone number of 888-412-6574.

//

KRONENBERGER ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108




89.     On August 28 and then again on September 28, Parmentier was charged again for GossipRage in the amount of $9.99 for each month.

90.     Parmentier did not notice these unauthorized charges until he received his September 2012 mobile phone bill.   At that point, Parmentier contacted his mobile service provider and advised the provider that Parmentier had not authorized the charges.  While Parmentier's mobile service provider agreed to block future charges for the GossipRage Subscription Plan, it refused to provide any credit for the unauthorized charges.

91.     Parmentier never authorized the charge for the GossipRage Subscription Plan, which was charged to his mobile phone bill the same day and presumably minutes after he received the first SMS text message from 721-39.

### Plaintiffs Kimberly Brewster and Kevin Brewster

92.     Plaintiffs Kimberly Brewster and Kevin Brewster are married individuals.

93.     Ms. Brewster and Mr. Brewster share a mobile phone service plan.  To wit, the monthly charges for Ms. Brewster's and Mr. Brewster's mobile phones appear on a single bill, which is directed to and paid by Mr. Brewster.

94.     On September 14, 2012, Mr. Brewster received an SMS text message from a five-digit number, 530-29.  The text advertised a flirting tips service (i.e., LuvSwap), which offered 3 flirting tip texts per week for a charge of $9.99 per month.

95.     Mr. Brewster did not recognize the five-digit sender number or LuvSwap.

96.     Mr. Brewster never authorized these unsolicited texts from 530-29.

97.     Mr. Brewster had not expressed interest in any flirting tips texting service and had never heard of any of the Defendants or their flirting tips-related websites.

98.     Because Mr. Brewster did not recognize the five-digit sender number and had no interest in flirting tips services, he ignored the text.

99.     Neither Ms. Brewster nor Mr. Brewster ever intended to enroll in the Subscription Plan.   Neither Ms. Brewster nor Mr. Brewster had a relationship with

1  Defendants, solicited any goods or services from Defendants, or responded to any of the

2  texts.

3  100.  Mr. Brewster's subsequent mobile phone bill contained a monthly

4  subscription charge dated September 14, 2012 for LuvSwap in the amount of $9.99.  The

5  bill provided the information for the subscription provider as Wise Media.

6  101.  Mr. Brewster again received texts from the five-digit sender number 530-29

7  on September 25, October 5, and October 18.

8  102.  Neither Ms. Brewster nor Mr. Brewster authorized the charge for the

9  LuvSwap Subscription Plan, which was charged to their mobile phone bill the same day

10  and presumably minutes after Mr. Brewster received the first SMS text message from

11  530-29, nor did they authorize the subsequent charge for the LuvSwap Subscription

12  Plan.

13  103.  Ms. Brewster contacted Wise Media in an effort to obtain a refund for the

14  unauthorized charge.  While a representative of Wise Media told Ms. Brewster that she

15  would receive a paper check for the refund, neither Ms. Brewster nor Mr. Brewster ever

16  received any refund from Wise Media.

17  **Plaintiff Kristian Kunder**

18  104.  Plaintiff Kunder shares a friends-and-family mobile plan with his mother.  To

19  wit, the monthly charges for Kunder's and his mother's mobile phones appear on a single

20  bill, which is directed to and paid by Kunder.

21  105.  In or around March 2012, without his knowledge or consent, Wise Media

22  began charging Kunder via his mother's mobile phone number for the LoveGenieTips

23  Subscription Plan.

24  106.  At that time, Kunder's mother used a mobile phone that could not send or

25  receive text messages.

26  107.  Neither Kunder nor his mother ever intended to enroll in the LoveGenieTips

27  Subscription Plan.  Neither Kunder nor his mother ever had a relationship with

28  Defendants, had not solicited any goods or services from Defendants, and did not

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

1    communicate with any Defendant prior to being charged for the Subscription Plan.

2    Neither Kunder nor his mother authorized any charges for the LoveGenieTips

3    Subscription Plan.

4         108.   While the unauthorized charges for the LoveGenieTips Subscription Plan

5    continued on a monthly basis, from March through November, Kunder did not notice the

6    charges for the Subscription Plan until November 2012.

7         109.   When Kunder contacted his mobile service provider, the provider agreed to

8    block future charges for the LoveGenieTips Subscription Plan, and agreed, as a

9    courtesy, to provide Kunder with a  credit for two of the unauthorized charges.

10        110.   Kunder also contacted Wise Media in an effort to obtain a refund for the

11   remaining unauthorized charges.  While a representative of Wise Media told Kunder that

12   he would receive a paper check for the refund, Kunder never received any refund from

13   Wise Media.

14                          **CLASS ACTION ALLEGATIONS**

15        111.   Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs Kristianson,

16   Fields, Hanson, Parmentier, and Kevin Brewster bring this action on their own behalfs

17   and as representatives of all persons who received unsolicited SMS text messages from

18   or on behalf of Defendants (the "Text Receipt Class").

19        112.   Pursuant to Federal Rule of Civil Procedure 23, Plaintiff O'Hanks,

20   Anderson, Parmentier, Kevin Brewster, Kimberly Brewster, and Kunder  bring this action

21   on their own behalf and as representatives of all persons who were charged for a

22   Subscription Plan on their cell phone bills (the "Enrollment Class").

23        113.   Pursuant to Federal Rule of Civil Procedure 23, Plaintiff Fields brings this

24   action on his own behalf and as a representative of all persons who: a) received

25   unsolicited SMS text messages from or on behalf of Defendants, and b) were charged for

26   receiving those text messages (the "Text Charge Class").

27        114.   Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs O'Hanks and

28   Parmentier also bring this action on their own behalfs and as representatives of all

4818-8667-8290.1

1   persons who: a) were charged for a Subscription Plan on their mobile phone bills, and b)

2   resided in California during some or all of their enrollment in the Subscription Plan (the

3   "California Enrollment Subclass").

4       115.   A class action is appropriate here because there exist ascertainable

5   classes and a well-defined community of interest in the questions of law and fact

6   involved.

7       116.   The classes are readily ascertainable from Defendants' records and the

8   records of the class members' mobile service providers.

9       117.   A class action is the superior method for adjudicating this controversy

10  because: a) the classes are so numerous that the joinder of all members is impracticable,

11  b) questions of law and fact common to the classes predominate over any question

12  affecting only individual class members, and c) the claims of the representative Plaintiffs

13  are typical of the claims of the classes, and the representative Plaintiffs will fairly and

14  adequately protect the interests of the classes.

15      118.   The common questions of law and fact include:

16      •   Whether Defendant Wise Media violated the Telephone Consumer

17          Protection Act, 47 U.S.C. §227, by sending commercial text

18          messages to members of the Text Receipt Class without their

19          express consent;

20      •   Whether Defendants violated the equitable doctrine of money had

21          and received by enrolling members of the Enrollment Class in

22          Subscription Plans without their knowledge or authorization and then

23          charging them $9.99 per month for the enrollment;

24      •   Whether Defendants converted the money of members of the

25          Enrollment Class by enrolling them in Subscription Plans without

26          their authorization and consent and then taking $9.99 per month

27          from them until they cancelled the Subscription Plan;

28      •   Whether Defendants engaged in an unfair, unlawful, and/or

4818-8667-8290.1

KRONENBERGER | ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

fraudulent business practice in violation of California Business and Professions Code section 17200 by enrolling members of the California Enrollment Subclass in Subscription Plans without their knowledge or authorization;

- Whether Defendants trespassed on the chattels of members of the Text Charge Class by interfering with their use of their mobile phones and causing them to incur charges for receiving text messages;

- Whether Defendants interfered with the contracts between members of the Text Charge Class on the one hand, and their mobile service providers on the other hand, by sending unsolicited text messages knowing that they would likely result in charges to the recipients;

- Whether Defendants were unjustly enriched by enrolling members of the Enrollment Class in the Subscription Plans;

- Whether Defendants engaged in negligence by disregarding extremely suspicious circumstances in enrolling members of the Enrollment Class and sending texts to members of the Text Charge Class such that they breached their duty of care.

119.   Plaintiffs can and will fairly and adequately represent and protect the interests of the classes because:

- All of the questions of law and fact regarding the liability of Defendants are common to the classes and predominate over any individual issues that may exist, such that by prevailing on their own claims, Plaintiffs will necessarily establish the liability of Defendants as to all members of the classes;

- Without the representation provided by Plaintiffs, it is unlikely that any class member would receive legal representation and/or obtain recourse for the misconduct carried out by Defendants; and

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

- Plaintiffs have retained competent attorneys who are experienced both in the conduct of class actions and telecommunications law. Plaintiffs and their counsel have the necessary resources to litigate this class action, and Plaintiffs and their counsel are aware of their fiduciary responsibility to the class members and are determined to discharge those duties to obtain the best possible recovery for the classes.

**FIRST CLAIM FOR RELIEF**

**(Violation of Telephone Consumer Protection Act, 47 U.S.C. §227 on behalf of Kristianson, Fields, Hanson, Parmentier, and Kevin Brewster and the Text Receipt Class against Defendant Wise Media)**

120.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 119.

121.   On information and belief, Defendant Wise Media sent SMS texts to Plaintiffs and other members of the Text Receipt Class.

122.   On information and belief, Defendant Wise Media sent SMS texts to Plaintiffs and the other members of the Text Receipt Class using equipment that had the capacity to store or to produce telephone numbers to be called, using a random sequential number generator.

123.   The text messages sent to Plaintiffs and the other members of the Text Receipt Class were calls within the meaning of the Telephone Consumer Protection Act.

124.   Neither Plaintiffs nor any other members of the Text Receipt Class provided Defendant Wise Media with prior express consent to receive the text messages.

125.   Defendant Wise Media's sending of texts to Plaintiffs and the other members of the Text Receipt Class violated 47 U.S.C. §227(b)(1)(A).

126.   As a result of Wise Media's unlawful conduct, Plaintiffs and the other members of the Text Receipt Class were harmed.

//

KRONENBERGER ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108

**SECOND CLAIM FOR RELIEF**

**(Money Had and Received on behalf of O'Hanks, Anderson, Parmentier, Kevin Brewster, Kimberly Brewster, and Kunder and the Enrollment Class against All Defendants)**

127.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 119.

128.    Defendants involuntarily enrolled Plaintiffs and the other members of the Enrollment Class in the Subscription Plans.

129.    Once enrolled, Defendants charged Plaintiffs and the other members of the Enrollment Class $9.99 per month until they cancelled the Subscription Plans.

130.    Neither Plaintiffs nor any other members of the Enrollment Class authorized their enrollment in the Subscription Plans or the $9.99 per month charged for the Subscription Plans.

131.    Thus, Defendants received money under circumstances that in equity and good conscience they should not be able to retain, because the fees obtained by Defendants for enrollment in the Subscription Plans belong to Plaintiffs and the other members of the Enrollment Class.

132.    As a result of Defendants' misconduct, Plaintiffs and the other members of the Enrollment Class have been harmed and are entitled to relief.

**THIRD CLAIM FOR RELIEF**

**(Conversion on behalf of O'Hanks, Anderson, Parmentier, Kevin Brewster, Kimberly Brewster, and Kunder and the Enrollment Class against All Defendants)**

133.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 119.

134.    Plaintiffs and the other members of the Enrollment Class owned the $9.99 per month that was charged to them by Defendants during their involuntary enrollment in the Subscription Plans.

135.    Defendants disposed of the money of Plaintiffs and the other members of the Enrollment Class in a manner that was inconsistent with their rights in this money.

136.    The money wrongfully taken by Defendants from Plaintiffs and the other members of the Enrollment Class comprises a specific, identifiable sum.

137.    Defendants engaged in this misconduct with oppression, fraud, and malice.

138.    As a result of Defendants' misconduct, Plaintiffs and the other members of the Enrollment Class have suffered damages.

### FOURTH CLAIM FOR RELIEF

**(Violation of California Business & Professions Code section 17200 on behalf of O'Hanks and Parmentier and the California Enrollment Subclass against All Defendants)**

139.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 119.

140.    Defendants involuntarily enrolled Plaintiffs and the other members of the California Enrollment Subclass in Subscription Plans.

141.    Plaintiffs and the other members of the California Enrollment Subclass never knew about or consented to enrolling in the Subscription Plans.

142.    Once enrolled, Defendants charged Plaintiffs and the other members of the California Enrollment Subclass $9.99 per month until they cancelled the Subscription Plans.

143.    Defendants' above-described misconduct is a fraudulent business practice, as that term is used in Business and Professions Code section 17200, because a reasonable person would have been deceived by the representations and material omissions by Defendants, and would have been wrongfully charged as a result of Defendants' involuntary enrollment of consumers in the Subscription Plans.

144.    Defendants' above-described misconduct is an unfair business practice, as that term is used in Business and Professions Code section 17200, because Defendants' conduct offends established public policies and is immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers.

145.    Defendants' above-described misconduct is an unlawful business practice, as that term is used in Business and Professions Code section 17200, because

4818-8667-8290.1

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

Defendants' conduct violates 47 U.S.C. §227, Business and Professions Code section 17602, 47 C.F.R. §64.3100, and Public Utilities Code section 2890.

146.   Wise Media's misconduct is an unlawful business practice in violation of 47 U.S.C. §227 because on information and belief, Wise Media sent SMS texts to Plaintiffs and the other members of the California Enrollment Subclass without their express consent, using equipment that had the capacity to store or to produce telephone numbers to be called, using a random sequential number generator.

147.   Defendants' misconduct is an unlawful business practice in violation of Business and Professions Code section 17602 because on information and belief Defendants made an automatic renewal and/or continuous service offer to Plaintiffs and the other members of the California Enrollment Subclass and: a) failed to present the terms of the offer in a clear and conspicuous manner before the Subscription Plan agreement was fulfilled, b) charged the accounts of Plaintiffs and the other members of the California Enrollment Subclass without first obtaining their affirmative consent, and c) failed to provide an acknowledgement of the purchase of the Subscription Plans with the terms, cancellation policy, and information regarding how to cancel in a manner that was capable of being retained by a consumer.

148.   Wise Media's misconduct is an unlawful business practice in violation of 47 C.F.R. §64.3100 because on information and belief, Wise Media initiated mobile service commercial messages without qualifying for any of the exceptions outlined in the regulation.

149.   Defendants' misconduct is an unlawful business practice in violation of Public Utilities Code section 2890 because on information and belief Defendants caused the cellular telephone bills for Plaintiffs and the other California Enrollment Subclass members to contain charges for products and services other than what Plaintiffs and the other California Enrollment Subclass members had authorized.

//

//

4818-8667-8290.1

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA  94108

150.   By carrying out the above-described misconduct, Defendants engaged in unlawful, unfair, and fraudulent business practices in violation of California Business and Professions Code section 17200.

151.   As a result of Defendants' misconduct, Plaintiffs and the other California Enrollment Subclass members were harmed.

## FIFTH CLAIM FOR RELIEF

### (Trespass to Chattels on behalf of Fields and the Text Charge Class against Defendant Wise Media)

152.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 119.

153.   Plaintiff Fields and the other members of the Text Charge Class possess interests in their mobile phones as personal property.

154.   On information and belief, Wise Media interfered with the use of the mobile phones of Plaintiff Fields and the other members of the Text Charge Class by sending unsolicited text messages to their phones.

155.   Plaintiff Fields and the other members of the Text Charge Class received these text messages on their mobile phones.

156.   Plaintiff Fields and the other members of the Text Charge Class were charged for receiving these text messages on their mobile phones.

157.   Wise Media's sending of text messages to mobile phones constituted a use of and interference with those mobile phones.

158.   Wise Media's interference resulted in unauthorized charges to Plaintiff Fields and the other members of the Text Charge Class, and thereby interfered with their use of their mobile phones.

159.   Wise Media engaged in this misconduct with oppression, fraud, and malice.

//

//

//

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### SIXTH CLAIM FOR RELIEF

**(Intentional Interference with a Contract on behalf of Fields and the Text Charge Class against Defendant Wise Media)**

160.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 119.

161.    Plaintiff Fields and the other members of the Text Charge Class have valid contracts with mobile service providers.

162.    On information and belief, Wise Media sent Plaintiff Fields and the other members of the Text Charge Class unsolicited text messages.

163.    Plaintiff Fields and the other members of the Text Charge Class were charged for receiving these text messages on their mobile phones.

164.    On information and belief, at the time Wise Media sent these unsolicited text messages, Wise Media knew that Plaintiff Fields and the other members of the Text Charge Class had contracts with mobile service providers.

165.    Wise Media knew that these contracts likely provided that Plaintiff Fields and the other members of the Text Charge Class would be charged for receiving text messages.

166.    On information and belief, Wise Media sent Plaintiff Fields and the other members of the Text Charge Class unsolicited text messages intentionally and without any justification, knowing that the texts would likely interfere with the contracts by imposing unauthorized fees.

167.    Plaintiff Fields and the other members of the Text Charge Class incurred fees by their mobile service providers in receiving Wise Media's text messages.  These fees constituted an actual interference or disruption in the relationship between Fields and the other members of the Text Charge Class on the one hand and their mobile service providers on the other hand.

168.    Wise Media engaged in this misconduct with oppression, fraud, and malice.

//

169.   As a result of Wise Media's interference, Plaintiff Fields and the other members of the Text Charge Class were harmed.

### SEVENTH CLAIM FOR RELIEF

**(Unjust Enrichment on behalf of O'Hanks, Anderson, Parmentier, Kevin Brewster, Kimberly Brewster, and Kunder and the Enrollment Class against All Defendants)**

170.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 119.

171.   Defendants involuntarily enrolled Plaintiffs and the other members of the Enrollment Class in Subscription Plans.

172.   Plaintiffs and the other members of the Enrollment Class never knew about or consented to enrolling in the Subscription Plans.

173.   Once enrolled, Defendants charged Plaintiffs and the other members of the Enrollment Class $9.99 per month until they cancelled the Subscription Plans.

174.   Defendants received the benefit of these charges and Defendants unjustly retained this money at the expense of Plaintiffs and the other members of the Enrollment Class.

### EIGHTH CLAIM FOR RELIEF

**(Negligence on behalf O'Hanks, Anderson, Parmentier, Kevin Brewster, Kimberly Brewster, Kunder, and Fields and the Enrollment Class and the Text Charge Class)**

175.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 119.

176.   In the alternative to allegations in the complaint that allege intentional misconduct by Defendants, Plaintiffs allege that Defendants owed Plaintiffs and the members of the Enrollment Class and Text Charge Class a duty to use reasonable care.

177.   In the alternative to allegations in the complaint that allege intentional misconduct by Defendants, Plaintiffs allege that Defendants were aware of extremely suspicious circumstances regarding the Subscription Plans and consumers' enrollment in the Subscription Plans, which would have put any reasonable person on notice that the Subscription Plans were fraudulent and that consumers were involuntarily enrolled.

4818-8667-8290.1

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA  94108

178. In the alternative to allegations in the complaint that allege intentional misconduct by Defendants, Plaintiffs allege that Wise Media sent unsolicited text messages to Plaintiff Fields and other members of the Text Charge Class while aware of extremely suspicious circumstances that would have put any reasonable person on notice that Plaintiff Fields and the members of the Text Charge Class had not consented to receiving the text messages and could be charged for receiving the text messages.

179. In the alternative to allegations in the complaint that allege intentional misconduct by Defendants, Plaintiffs allege that Defendants enrolled Plaintiffs and other members of the Enrollment Class in the Subscription Plans and charged them for the Subscription Plans while aware of extremely suspicious circumstances that would have put any reasonable person on notice that Plaintiffs and the members of the Enrollment Class had not consented to enrollment in the Subscription Plans or to being charged for the Subscription Plans.

180. A person exercising reasonable care under the circumstances would not have sent text messages to Plaintiff Fields and members of the Text Charge Class, and would not have enrolled Plaintiffs and other members of the Enrollment Class in a Subscription Plan.

181. As a result of Defendants' negligence, Plaintiffs and other members of the Text Charge Class and Enrollment Class were harmed.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request judgment as follows:

1.     That the Court enter a judgment finding that:

    a. Wise Media violated the Telephone Consumer Protection Act, 47 U.S.C. §227 as to the members of the Text Receipt Class;

    b. Defendants violated the equitable doctrine of Money Had and Received as to the members of the Enrollment Class;

//

KRONENBERGER | ROSENFELD
150 Post Street, Suite 520, San Francisco, CA  94108

c.  Defendants committed Conversion as to the members of the Enrollment Class;

d.  Defendants violated California Business and Professions Code section 17200 as to the members of the California Enrollment Subclass;

e.  Wise Media trespassed on the chattels of the members of the Text Charge Class;

f.  Wise Media interfered with the contracts of the Text Charge Class;

g.  Defendants were enjustly enriched at the expense of the Enrollment Class;

h.  Defendants committed negligence that harmed the Enrollment Class and the Text Charge Class.

2.  That the Court award damages and monetary relief as follows:

a.  The greater of Plaintiffs' and the other members of the Text Receipt Class' actual monetary loss or $500 for each violation of the Telephone Consumer Protection Act;

b.  Damages in an amount to be determined at trial in the form of restitution of the money wrongfully charged to members of the Enrollment Class under the equitable doctrine of Money Had and Received;

c.  Compensatory damages in an amount to be determined at trial for Defendants' conversion of the money of members of the Enrollment Class;

d.  Damages in an amount to be determined at trial in the form of restitution of the money wrongfully charged to members of the California Enrollment Subclass under California Business and Professions Code section 17200;

//

//

KRONENBERGER | ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108



KRONENBERGER ROSENFELD

150 Post Street, Suite 520, San Francisco, CA 94108

1

  e. Compensatory damages in an amount to be determined at trial for

2    Defendants' trespass to chattels of members of the Text Charge

3    Class;

4  f. Compensatory damages in an amount to be determined at trial for

5    Defendants' interference with the contracts of members of the Text

6    Charge Class;

7  g. Restitution of the money by which Defendants were unjustly

8    enriched at the expense of members of the Enrollment Class;

9  h. Compensatory damages in an amount to be determined at trial for

10    Defendants' negligence with respect to members of the Text Charge

11    Class and the Enrollment Class;

12  i. Exemplary damages pursuant to California Civil Code §3294;

13  j. Treble damages under the Telephone Consumer Protection Act;

14  k. Statutory prejudgment interest;

15  l. Plaintiffs' costs.

16 3. Such other relief that the Court determines is just and proper.

17

18 Respectfully Submitted,

19 DATED:  March 13, 2013   **KRONENBERGER ROSENFELD, LLP**

20

21      By:  ___s/ Jeffrey M. Rosenfeld_____

22       Jeffrey M. Rosenfeld

23      Attorneys for Plaintiffs

24

25

26

27

28

1

**REQUEST FOR JURY TRIAL**

2        Plaintiffs hereby demand a trial of this action by jury.

3

4    DATED:  March 13, 2013                    **KRONENBERGER ROSENFELD, LLP**

5

6                                             By:    s/ Jeffrey M. Rosenfeld
                                                     Jeffrey M. Rosenfeld
7

8                                             Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 3:12-cv-05160-WHA              28          **FIRST AMENDED COMPLAINT**

4818-8667-8290.1