1 ALAN SEGE, ESQ. P.C.
  ALAN SEGE (177350) (alan.sege@gmal.com)
2 6601 Centre Drive West, Suite 700
  Los Angeles, CA 90045
3 Telephone:    (310) 957-3301
  Facsimile:    (310) 896-4858
4
  COOLEY LLP
5 MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
  101 California Street, 5th Floor
6 San Francisco, CA  94111-5800
  Telephone:    (415) 693-2000
7 Facsimile:    (415) 693-2222
8 MAZDA K. ANTIA (214963) (mantia@cooley.com)
  JOSEPH B. WOODRING (272940) (jwoodring@cooley.com)
9 4401 Eastgate Mall
  San Diego, CA  92121
10 Telephone:    (858) 550-6000
   Facsimile:    (858) 550-6420
11
   Attorneys for Defendant
12 MOBILE MESSENGER AMERICAS, INC.

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16

17 EDWARD FIELDS, et al., individually and      Case No.  C 12-05160 WHA
   on behalf of a class of similarly situated
18 persons,                                      **DEFENDANT MOBILE MESSENGER
                                                 AMERICAS, INC.'S MOTION TO DISMISS
                                                 THE FIRST AMENDED COMPLAINT**
                Plaintiffs,
19
            v.                                   Date:        June 20, 2013
20                                               Time:        8:00 a.m.
   WISE MEDIA LLC, et al.,                       Courtroom:   8, 19th Floor
21                                               Judge:       Hon. William Alsup
                Defendants.
22

23

24

25

26

27

28

# Table of Contents

Page

I. INTRODUCTION ........................................................................................................... 2

II. FACTUAL BACKGROUND ........................................................................................ 3

III. LEGAL STANDARD ................................................................................................... 5

IV. ARGUMENT ................................................................................................................. 6

A.   Plaintiffs' Conclusory Allegations Fail to State a Claim Upon Which Relief Can Be Granted ............................................................................................... 6

   1.   Plaintiffs' Conclusory Allegations Fall Short of Rule 8 ........................... 6

   2.   Plaintiffs Do Not Comply With Rule 9(b)'s Heightened Pleading Requirements ................................................................................................. 7

B.   Plaintiffs' Three Remaining Factual Allegations Do Not Plausibly Suggest That Mobile Messenger Acted Unlawfully And Consequently, The FAC Fails To State A Claim ......................................................................................... 8

   1.   California Does Not Recognize Claims for Money Had and Received and Unjust Enrichment ................................................................. 9

   2.   Plaintiffs' Conversion Claim Fails Because Mobile Messenger Did Not Commit Any Wrongful Act or Convert Plaintiffs' Property ............. 10

   3.   Because Plaintiffs Have Not Identified Any Duty Owed by Mobile Messenger And No Such Duty Exists, Plaintiffs' Negligence Claims Fail ..................................................................................................... 11

   4.   Plaintiffs Have Not and Cannot Allege a UCL Claim .......................... 12

      a.   Plaintiffs Fail to Plead Unlawful Conduct by Mobile Messenger .......................................................................................... 13

      b.   Plaintiffs Fail to Plead Unfair Conduct by Mobile Messenger .......................................................................................... 14

      c.   Plaintiffs Fail to Plead Fraudulent Conduct by Mobile Messenger .......................................................................................... 15

V. CONCLUSION ............................................................................................................. 15

**Table of Authorities**

Page(s)

Cases

*900 Capitol Servs., Inc. v. Kluger, Peretz, Kalpan & Berlin, P.A.,*
   1997 WL 776372 (N.D. Cal. Dec. 1, 1997) ............................................................. 11

*Ashcroft v. Iqbal,*
   129 S. Ct. 1937 (2009) ......................................................................................... 5, 6, 7

*Baba v. Hewlett Packard Co.,*
   No. C 09-05946 RS, 2010 WL 2486353 (N.D. Cal. June 16, 2010) ...................... 14

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) .................................................................................................. 5, 6

*Berryman v. Merit Prop. Mgmt., Inc.,*
   152 Cal. App. 4th 1544 (2007) ................................................................................. 14

*Biakanja v. Irving,*
   49 Cal. 2d 647 (1958) ............................................................................................... 11

*Bradstreet v. Wong,*
   161 Cal. App. 4th 1440 (2008) ................................................................................. 12

*Daugherty v. Am. Honda Motor Co., Inc.,*
   144 Cal. App. 4th 824 (2006) ................................................................................... 13

*Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.,*
   No. C 07-3747 PJH, 2008 WL 5157710 (N.D. Cal. Dec. 8, 2008) ......................... 12

*Drum v. San Fernando Valley Bar Ass'n,*
   182 Cal. App. 4th 247 (2010) ................................................................................... 14

*Durell v. Sharp Healthcare,*
   183 Cal. App. 4th 1350 (2010) ................................................................................... 9

*Elder v. Pac. Bell Tel. Co.,*
   205 Cal. App. 4th 841 (2012) ................................................................................... 13

*Great-West Life & Annuity Ins. Co. v. Knudson,*
   534 U.S. 204 (2002) ................................................................................................... 9

*Gutierrez v. Wells Fargo & Co.,*
   622 F. Supp. 2d 946 (N.D. Cal. 2009) ...................................................................... 10

*Hill v. Roll Int'l Corp.,*
   195 Cal. App. 4th 1295 (2011).................................................................................... 9

**Table of Authorities**
(continued)

Page(s)

*Hoyem v. Manhattan Beach City Sch. Dist.*,
  22 Cal. 3d 508 (1978) ................................................................................................ 11

*IB Melchoir v. New Line Productions, Inc.*,
  106 Cal. App. 4th 779 (Cal. Ct. App. 2003) .............................................................. 9

*In re NVIDIA GPU Litig.*,
  C 08-04312 JW, 2009 WL 4020104 (N.D. Cal. Nov. 19, 2009) ................................ 9

*J'Aire Corp. v. Gregory*,
  24 Cal. 3d 799 (1979) ............................................................................................ 11, 12

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) .................................................................................... 5

*Kendall v. Visa USA, Inc.*,
  518 F.3d 1042 (9th Cir. 2008) .................................................................................... 6

*Levine v. Blue Shield of Cal.*,
  189 Cal. App. 4th 1117 (2010) .................................................................................... 9

*Levine v. Entrust Grp., Inc.*,
  C 12-03959 WHA, 2013 WL 1320498 (N.D. Cal. Apr. 1, 2013) ............................... 10

*Lopez v. Washington Mut. Bank*,
  302 F.3d 900 (9th Cir. 2002) .................................................................................... 10

*Mangindin v. Washington Mut. Bank*,
  637 F. Supp. 2d 700 (N.D. Cal. 2009) ........................................................................ 9

*Marolda v. Symantec Corp.*,
  672 F. Supp. 2d 992 (N.D. Cal. 2009) ...................................................................... 13

*Martino v. Gap Fund, LLC*,
  09CV2064 JM (BLM), 2010 WL 502710 (S.D. Cal. Feb. 5, 2010) ............................ 6

*Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC, Inc.*,
  No. 07-CV-912-IEG (BLM), 2007 WL 3047093 (S.D. Cal. Oct. 16, 2007) ............... 8

*McBride v. Boughton*,
  123 Cal. App. 4th 379 (Cal. Ct. App. 2004) ............................................................... 9

*McKell v. Wash. Mut., Inc.*,
  142 Cal. App. 4th 1457 (Ct. App. 2006) ..................................................................... 9

*McKell v. Washington Mut., Inc.*,
  49 Cal. Rptr. 3d 227 (Ct. App. 2006) ........................................................................ 10

**Table of Authorities**
(continued)

Page(s)

*Mehta v. Wells Fargo Bank, NA,*
    737 F. Supp. 2d 1185 (S.D. Cal. 2010) ................................................................. 7

*Nally v. Grace Community Church,*
    47 Cal. 3d 278 (1988) ....................................................................................... 12

*Navarro v. Block,*
    250 F.3d 729 (9th Cir. 2001) ............................................................................... 5

*Newsom v. Countrywide Home Loans, Inc.,*
    714 F. Supp. 2d 1000 (N.D. Cal. 2010) .............................................................. 14

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro LLP,*
    58 Cal. Rptr. 3d 516 (Ct. App. 2007) ................................................................. 10

*Quelimane Co. v. Stewart Title Guar. Co.,*
    19 Cal. 4th 26 (1998) ........................................................................................ 11

*S. Bay Chevrolet v. GMAC,*
    72 Cal. App. 4th 861 (1999) .............................................................................. 15

*Showalter v. Chase Manhattan/Providian,*
    C 05-00548 WHA, 2005 WL 2000943 (N.D. Cal. Aug. 19, 2005) ......................... 8

*Spates v. Dameron Hosp. Assn.,*
    7 Cal. Rptr. 3d 597 (Ct. App. 2003) ................................................................... 11

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) ............................................................................... 6

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007) ............................................................................... 8

*Thompson v. County of Alameda,*
    27 Cal.3d 741 (1980) ........................................................................................ 11

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) .................................................................... 5, 7, 15

**STATUTES**

TCPA 47 U.S.C. § 227 ............................................................................................... 4

California Unfair Competition Law ("UCL") .............................................. 3, 12, 13, 14

1

**Table of Authorities**
(continued)

2
Page(s)

3
Business and Professions Code

§ 17200............................................................................................ 3, 5
4
§ 17602............................................................................................ 13

5
§ 17602(a) ........................................................................................ 13

6
Cal. Pub. Util. Code Chapter 10

§§ 2871-2897 ................................................................................... 13
7

Federal Rule of Civil Procedure
8
§ 8(a) ........................................................................................ 3, 6, 7

9
§ 9(b) ........................................................................................ passim

§ 12(b)(6) ................................................................................... 1, 5, 9

10
Public Utilities Code

11
§ 2890.......................................................................................... 13, 14

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Notice of Motion and Motion to Dismiss**

2

To All Parties and Their Attorneys of Record:

3

      Please Take Notice that on June 20, 2013 at 8:00 a.m., or as soon thereafter as this

4

motion may be heard in the above-entitled court, located at 450 Golden Gate Ave, San Francisco,

5

CA 94102, in Courtroom 8, 19th Floor, Defendant Mobile Messenger Americas, Inc. ("Mobile

6

Messenger") will move to dismiss the First Amended Class Action Complaint (the "FAC") filed

7

by plaintiff Edward Fields, Cathie O'Hanks, Erik Kristianson, Jacqueline P. Anderson, David

8

Hanson, Richard Parmentier, Kimberly Brewster, Kevin Brewster, and Kristian Kunder

9

("Plaintiffs").  Mobile Messenger's motion is made pursuant to Federal Rule of Civil Procedure

10

12(b)(6) and is based on this Notice of Motion and Motion, the accompanying Memorandum of

11

Points and Authorities, and all pleadings and papers on file in this matter, and upon such other

12

matters as may be presented to the Court at the time of hearing or otherwise.

13

**Statement of Relief Requested**

14

      Mobile Messenger seeks an order pursuant to Federal Rule of Civil Procedure 12(b)(6)

15

dismissing with prejudice Plaintiffs' FAC and each of the five Claims for Relief asserted therein

16

against Mobile Messenger for failure to state a claim upon which relief can be granted.

17

**Statement of Issues to Be Decided**

18

      Do Plaintiff's conclusory allegations fail to state a claim against Mobile Messenger upon

19

which relief can be granted?

20

21

22

23

24

25

26

27

28

MOBILE MESSENGER'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT
No.12-05160 WHA

MEMORANDUM OF POINTS AND AUTHORITIES

I.   INTRODUCTION

Defendant Mobile Messenger is a connection aggregator providing businesses with the ability to connect with their customers through text and MMS messaging systems.   Mobile Messenger does not provide telephone numbers to its customers, and it never markets directly to consumers.   Mobile Messenger had no relationship with the named Plaintiffs; it never charged Plaintiffs or received any money from Plaintiffs.   Indeed, Mobile Messenger did not have a commercial relationship with co-defendant Wise Media, LLC ("Wise Media").

Nonetheless, Plaintiffs have sued Mobile Messenger and claim it was part of a scheme with Wise Media and two other aggregator defendants (mBlox Incorporated, and Motricity, Inc.) to defraud Plaintiffs.   Specifically, Plaintiffs claim they are victims of "cramming" and allege that Wise Media owns and operates websites that offer fraudulent subscription text message plans. Plaintiffs allege that Wise Media sent text messages to Plaintiffs without prior consent, charging Plaintiffs for the subscription plans through their telephone bills and collecting the proceeds. Seeking a remedy for this alleged wrong, Plaintiffs have sued Wise Media for violations of the Telephone Consumer Protection Act ("TCPA") and various state laws.

Plaintiffs include Mobile Messenger in this lawsuit based solely on conclusory allegations and guilt by association with Wise Media.   Indeed, as the First Amended Complaint ("FAC") makes clear, Mobile Messenger was not directly involved in any of this conduct.   In fact, Plaintiffs' FAC alleges only three facts about Mobile Messenger: (1) that it provided text message aggregation services for Wise Media (FAC ¶ 49); (2) that it may have provided customer support and monitored billings, complaints, and cancellations for Wise Media (*Id.* ¶ 52); and (3) that Wise Media paid Mobile Messenger for these services (*Id.* ¶ 48).   Nothing about these alleged facts plausibly suggests that Mobile Messenger has violated any law or should otherwise be liable for the alleged "cramming."

Plaintiffs admit as much regarding their TCPA claim, which they do not assert against Mobile Messenger.   Instead, Plaintiffs rely on common law claims and California's amorphous unfair competition law in order to seek damages from Mobile Messenger.   But each of these

MOBILE MESSENGER'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT
NO.12-05160 WHA

1    claims fail, since they are not supported by any factual allegations and lack any factual basis. As

2    a threshold matter, because Plaintiffs have failed to plead sufficient facts, the FAC fails to state a

3    claim under Federal Rule of Civil Procedure 8(a). Similarly, because the FAC sounds in fraud,

4    Plaintiffs were required to plead their allegations with particularity pursuant to Federal Rule of

5    Civil Procedure 9(b). Plaintiffs have failed to do so.

6         In addition, the bare facts Plaintiffs allege against Mobile Messenger fail to plead the

7    elements of their causes of action. First, California does not recognize money had and received

8    and unjust enrichment as independent causes of action. Second, Plaintiffs' conversion claim fails

9    because, among other reasons, the FAC alleges that Wise Media—not Mobile Messenger—

10   collected the $9.99 monthly charges at issue and because Plaintiffs fail to allege that Mobile

11   Messenger committed a wrongful act. Third, Plaintiffs' negligence claim fails because Mobile

12   Messenger owed Plaintiffs no duty.   Finally, Plaintiffs' claim under California's Unfair

13   Competition Law, Business and Professions Code § 17200 ("UCL"), fails as they cannot plead a

14   predicate claim to support a UCL claim. For these reasons, and those explained below, the Court

15   should grant Mobile Messenger's motion and dismiss Plaintiffs' claims with prejudice.

16   **II.   FACTUAL BACKGROUND**

17        Defendant Mobile Messenger is a leading mobile solutions provider, connecting media

18   companies and other enterprises with their users through telecommunications connections with

19   public mobile network operators.   (*See* http://www.mobilemessenger.com.)   Among other

20   services, it offers business to consumer messaging connectivity, linking enterprises with

21   consumers subscribing to over sixty wireless carriers worldwide.   (*See id.*) Thus, Mobile

22   Messenger provides businesses with a single point of interaction permitting them to conduct

23   messaging through a large number of mobile operators, and mobile operators the ability to offer

24   messaging from many businesses through a single connection with Mobile Messenger.

25   / / /

26   / / /

27   / / /

28   / / /

Mobile Messenger is not a proper party to this suit directed at alleged misconduct by Defendant Wise Media.[1]  Plaintiffs allege that they received unsolicited text messages from Wise Media in violation of the TCPA, 47 U.S.C. § 227, and other laws.  (FAC ¶¶ 52-110.)  Plaintiffs further allege that through various websites, Wise Media sells "Subscription Plans" to receive "flirting tips, horoscopes, celebrity gossip tidbits, or weight loss advice a few times a week for $9.99 per month."  (*Id.* ¶ 37.)  Although Plaintiffs claim they never enrolled with Wise Media, according to the FAC, Wise Media sent them SMS text messages and billed them for the Subscription Plans through their telephone bills.  (*Id.* ¶¶ 42, 47.)

None of the Plaintiffs allege that Mobile Messenger was involved in any of the text messages they received and allege that Wise Media paced the charges on Plaintiffs' telephone bills.  (*See id.* ¶¶ 52-110.)   The lack of specific allegations against Mobile Messenger is unsurprising.  Mobile Messenger does not provide service to Wise Media.  (*See supra*, n.1.)

As a result, the FAC's (incorrect) allegations concerning Mobile Messenger—which is mentioned by name just four times (FAC ¶¶ 1, 9, 21, 48) in the one hundred eighty one paragraphs of the FAC—are sparse and non-specific.   Mobile Messenger is grouped with Defendants mBlox and Motricity, who allegedly provided aggregation services for Wise Media.  (*Id.* ¶ 49.)   The only substantive allegations against Mobile Messenger that could be deemed factual are the following:

- they "shared in the revenue" with Wise Media (*Id.* ¶ 48);

- they "served as SMS aggregators for Defendant Wise Media" (*Id.* ¶ 49);

- "[o]n information and belief," they "provided customer support for the Subscription Plans and monitored the billings, complaints, and cancellations." (*Id.* ¶ 51).

In fact, the FAC makes *absolutely no factual allegations specifically against Mobile Messenger*.   The only factual allegations that it makes against Mobile Messenger are the aforementioned three allegations – and those are made in broad-brush form against all of the

---

[1] As noted above and in previous pleadings, Mobile Messenger was not involved at all.  It did not conduct business with Wise Media.  Mobile Messenger has repeatedly informed Plaintiffs' counsel that Mobile Messenger is not a correct party to this lawsuit.

MOBILE MESSENGER'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT
NO.12-05160 WHA

1    Defendants who are alleged to be aggregators servicing Wise Media.

2          Based on these allegations, Plaintiffs assert only five of their eight claims against Mobile

3    Messenger: (1) Money Had and Received; (2) Conversion; (3) California Business and

4    Professions Code § 17200; (4) Unjust Enrichment; and (5) Negligence.[2]

5    **III.    LEGAL STANDARD**

6          Rule 12(b)(6) requires dismissal when a plaintiff fails to present a cognizable legal theory

7    or to allege sufficient facts supporting a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729,

8    732 (9th Cir. 2001).  As the Supreme Court has emphasized, "labels and conclusions, and a

9    formulaic recitation of the elements of a cause of action will not [survive a motion to dismiss],"

10   and "courts are not bound to accept as true a legal conclusion couched as a factual allegation."

11   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation

12   omitted).  A court must disregard unreasonable inferences or legal characterizations. *Ashcroft v.*

13   *Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).  After accepting the well-pleaded allegations, a court then

14   determines whether a complaint alleges a "plausible" claim to relief. *Iqbal*, 129 S. Ct. at 1949-50.

15   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

16   draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

17   "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

18   short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting

19   *Twombly*, 550 U.S. at 557).  Finally, when a complaint "allege[s] a unified course of fraudulent

20   conduct and rel[ies] entirely on that course of conduct as the basis of that claim . . . the claim is

21   said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy

22   the particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th

23   Cir. 2009) (citation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th

24   Cir. 2003).

---

27   [2] In the heading for their eighth claim for relief (negligence), Plaintiffs do not specify which
     Defendants they assert it against.  (*See* FAC ¶ 24.)   The allegations, however, refer to
28   "Defendants." (*Id.* ¶¶ 176-181.)

IV.   **ARGUMENT**

A.   **Plaintiffs' Conclusory Allegations Fail to State a Claim Upon Which Relief Can Be Granted**

Although the requirements of *Twombly* and *Iqbal* are not new, Plaintiffs still fail to heed them.  The FAC purports to plead claims against Mobile Messenger based on sparse and vague factual allegations, cobbled together with unsupported legal conclusions and guilt by alleged association with Wise Media.  These conclusory allegations fail to comply with the pleading requirements of both Rule 8 and Rule 9(b) of the Federal Rules of Civil Procedure.

1.   **Plaintiffs' Conclusory Allegations Fall Short of Rule 8**

In analyzing this motion to dismiss, the Court must first identify which statements in the FAC must be disregarded as unreasonable inferences, unwarranted deductions of fact, or legal characterizations.  *Iqbal*, 129 S. Ct. at 1949-50; *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  This includes those allegations asserted against "Defendants" generally rather than Mobile Messenger specifically.  *Martino v. Gap Fund, LLC*, 09CV2064 JM (BLM), 2010 WL 502710, at *2 (S.D. Cal. Feb. 5, 2010) (granting motion to dismiss where "Plaintiffs allege that all 'Defendants' engaged in certain conduct without specifying which Defendant engaged in the challenged conduct.").  Doing so removes nearly all of the FAC's allegations against Mobile Messenger.

Gone are Plaintiffs' improper legal conclusions that Mobile Messenger "provided material assistance" or "material support" to Wise Media or "actively participated" in the alleged misconduct.  (FAC ¶¶ 48, 50; *see also*, ¶¶ 68, 129.)  Without specific facts to support these assertions, the Court must disregard them.  *See Martino*, 2010 WL 502710, at *2 (holding that allegation that defendants "failed to properly make the required material disclosures of the terms" was conclusory); *Kendall v. Visa USA, Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008) (holding allegation that defendant "knowingly, intentionally and actively participated in an individual capacity in the alleged scheme" was unsupported legal conclusion, not fact).

Gone too are Plaintiffs' unsupported inferences that Mobile Messenger "knew about" or "recklessly disregarded" Wise Media's alleged misconduct.  (FAC ¶¶ 48, 51; *see also* ¶ 129.)

1    These are mere legal conclusions, not facts. *See Iqbal*, 129 S. Ct. at 1951 (holding that allegation

2    that defendant "knew of" was a "bare assertion" that was "not entitled to be assumed true");

3    *Mehta v. Wells Fargo Bank, NA*, 737 F. Supp. 2d 1185, 1203-04 (S.D. Cal. 2010) (finding no

4    facts to support bare assertion that defendant acted with reckless disregard towards plaintiff).

5            In addition, none of these allegations are connected to any of the named Plaintiffs.

6    Plaintiffs do not allege that Mobile Messenger aggregated any text messages *they* received. (FAC

7    ¶ 49.) Plaintiffs do not allege that Mobile Messenger monitored *their* billings, complaints, or

8    cancellations. (*Id.* ¶ 51.) Thus, Plaintiffs do not allege that Mobile Messenger "knew" or

9    "recklessly disregarded" that *Plaintiffs*—as opposed to "*consumers*" in general—were enrolled in

10   the Subscription Plans erroneously. (*Id.*) Plaintiffs also do not allege when Mobile Messenger

11   came to know or recklessly disregard "that consumers had not voluntarily enrolled in the

12   Subscriptions Plans," which (although it never happened at all), as pled, may not have happened

13   until after Plaintiffs enrolled. These pleading failures not only highlight the conclusory nature of

14   the allegations against Mobile Messenger, they demonstrate that Plaintiffs do not plausibly state a

15   claim against Mobile Messenger on behalf of themselves.

16       **2.    Plaintiffs Do Not Comply With Rule 9(b)'s Heightened Pleading**
              **Requirements**
17

18           Even if the FAC passed muster under Rule 8, it would still fail under Federal Rule of Civil

19   Procedure 9(b). Rule 9(b) requires claims sounding in fraud to be pled with particularity. Fed. R.

20   Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citations

21   omitted). Rule 9(b) applies to the FAC because it alleges a single course of conduct sounding in

22   fraud: Wise Media's purported fraudulent "cramming" of third-party charges on Plaintiffs'

23   telephone bills. Plaintiffs themselves repeatedly describe Wise Media's "Subscriptions Plans" as

24   fraudulent. (*See* FAC ¶ 4 ("The Cottage Industry of Cramming Fraud"); ¶¶ 31, 36, 118, 137, 143,

25   150, 159, 168, 177.)

26           Though the FAC alleges a single course of conduct sounding in fraud, it fails to plead that

27   fraud with particularity. To do so, Plaintiffs must allege the "who, what, when, where, and how"

28   of the allegedly fraudulent conduct. *Vess*, 317 F.3d at 1106. But the FAC fails to allege what, if

MOBILE MESSENGER'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT
NO.12-05160 WHA

1   any, text messages that Mobile Messenger aggregated, what it knew and how it learned about

2   Wise Media's Subscription Plans and the allegedly fraudulent charges to Plaintiffs, when and

3   how (or even if) it learned about Wise Media's alleged misconduct, or specifically how Mobile

4   Messenger was involved.   Indeed, the FAC fails to allege much of anything about Mobile

5   Messenger, which is mentioned by name only four times in the FAC. (*See supra* Section II, p.4)

6        In addition, "Rule 9(b) does not allow a complaint to merely lump multiple defendants

7   together but requires plaintiffs to differentiate their allegations when suing more than one

8   defendant . . . and inform each defendant separately of the allegations surrounding his alleged

9   participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007)

10  (quotation marks and citation omitted); *see also Mat-Van, Inc. v. Sheldon Good & Co. Auctions,*

11  *LLC, Inc.*, No. 07-CV-912-IEG (BLM), 2007 WL 3047093, at *4 (S.D. Cal. Oct. 16, 2007)

12  (finding complaint fails to satisfy Rule 9(b) where it "lumps the two defendants together without

13  alleging the role or participation of each defendant in the fraud as required" under Rule 9(b)).   In

14  contravention of this rule, Plaintiffs make no specific substantive allegations against Mobile

15  Messenger, only general allegations against the "Aggregator Defendants" or all "Defendants"

16  inclusive. (*See, e.g.*, FAC ¶¶ 48-51.) For these reasons, Plaintiffs' FAC should be dismissed.

17        **B.      Plaintiffs' Three Remaining Factual Allegations Do Not Plausibly Suggest
              That Mobile Messenger Acted Unlawfully And Consequently, The FAC Fails
18            To State A Claim**

19        After properly disregarding Plaintiffs' conclusory allegations, the FAC includes only three

20  alleged facts about Mobile Messenger.  First, Mobile Messenger "served as an SMS aggregator[]"

21  for Wise Media.  (FAC ¶¶ 49, 50.)  Second, Mobile Messenger *may* have "provided customer

22  support" and "monitored the billings, complaints, and cancellations of the Subscription Plans."

23  (*Id.* ¶¶ 50, 51.)   Third, Mobile Messenger "shared in the revenue" with Wise Media, which

24  merely means that Wise Media allegedly paid Mobile Messenger for its services. (*Id.* ¶ 48.)

25        Accepting these three facts as true (even though they are not), Plaintiffs fail to state a

26  claim against Mobile Messenger.  As described below, they do not support any of the causes of

27  action asserted against Mobile Messenger.  More generally, they do not plausibly suggest that

28  Mobile Messenger engaged in any unlawful behavior.   *Cf. Showalter v. Chase*

1   *Manhattan/Providian*, C 05-00548 WHA, 2005 WL 2000943, at *4 (N.D. Cal. Aug. 19, 2005)

2   (dismissing claim where court had to "connect [the] dots" between well-pleaded facts and

3   unlawful behavior). Rather, they show that Mobile Messenger is engaged in a lawful business.

4   Rules 8, 9(b), and 12(b)(6) protect Mobile Messenger from further defending claims based on

5   Plaintiffs' conclusory allegations.

6          **1.**    **California Does Not Recognize Claims for Money Had and Received and Unjust Enrichment**

7

8          Plaintiffs' claims for money had and received and unjust enrichment should be dismissed

9   as they are not causes of action under California law. "California . . . does not recognize an

10   independent cause of action for money had and received." *In re NVIDIA GPU Litig.*, C 08-04312

11   JW, 2009 WL 4020104, at *12 (N.D. Cal. Nov. 19, 2009) (citing *McBride v. Boughton*, 123 Cal.

12   App. 4th 379, 394 (Cal. Ct. App. 2004)). Likewise, under California law, "[u]njust enrichment is

13   not a cause of action . . . or even a remedy, but rather a general principle, underlying various legal

14   doctrines and remedies. It is synonymous with restitution." *McBride v. Boughton*, 123 Cal. App.

15   4th 379, 387 (Ct. App. 2004); *see also McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1490

16   (Ct. App. 2006) ("There is no cause of action for unjust enrichment."); *Hill v. Roll Int'l Corp.*,

17   195 Cal. App. 4th 1295, 1307 (2011); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370

18   (2010) (same); *Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1138 (2010) (same)

19   (internal citations omitted). Thus, unjust enrichment is a theory of recovery, not an independent

20   legal claim. *IB Melchoir v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (Cal. Ct.

21   App. 2003) ("there is no cause of action in California for unjust enrichment"). Accordingly,

22   Plaintiffs' second and seventh claims should be dismissed with prejudice.

23          Assuming *arguendo* that money had and received and unjust enrichment are independent

24   claims, however, Plaintiffs fail to state such claims. Plaintiffs' allegation that Mobile Messenger

25   unjustly retained a benefit from them is conclusory and refuted by their allegation that Wise

26   Media placed the charges on Plaintiffs' telephone bills. *See Mangindin v. Washington Mut. Bank*,

27   637 F. Supp. 2d 700, 711 (N.D. Cal. 2009) (dismissing unjust enrichment claim based on

28   conclusory allegations); *cf. Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214

1   (2002) ("[F]or restitution to lie in equity, the action generally must seek not to impose personal

2   liability on the defendant, but to restore the plaintiff particular funds or property in the

3   defendant's possession.").

4          **2.**    **Plaintiffs' Conversion Claim Fails Because Mobile Messenger Did Not Commit Any Wrongful Act or Convert Plaintiffs' Property**

5

6        To state a claim for conversion, Plaintiffs must plead facts showing their "ownership or

7   right to possession of property; defendant's wrongful act toward or disposition of the property,

8   interfering with plaintiff's possession; and damage to plaintiff." *McKell v. Washington Mut., Inc.*,

9   49 Cal. Rptr. 3d 227, 255 (Ct. App. 2006). Plaintiffs' conversion claim fails for at least two

10  reasons.

11       First, "[m]oney cannot be the subject of a cause of action for conversion unless there is a

12  specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to

13  another and fails to make the payment." *Id.*; *PCO, Inc. v. Christensen, Miller, Fink, Jacobs,*

14  *Glaser, Weil & Shapiro LLP*, 58 Cal. Rptr. 3d 516, 524 (Ct. App. 2007); *see also Gutierrez v.*

15  *Wells Fargo & Co.*, 622 F. Supp. 2d 946, 956 (N.D. Cal. 2009) (dismissing conversion claim

16  against bank due to alleged excessive overdraft fees). Plaintiffs have not identified a specific sum

17  that Mobile Messenger allegedly converted. *See Levine v. Entrust Grp., Inc.*, C 12-03959 WHA,

18  2013 WL 1320498, at *8 (N.D. Cal. Apr. 1, 2013). Rather, the FAC merely asserts that Mobile

19  Messenger "shared in the revenue" with Wise Media. (FAC ¶ 48.) Moreover, the $9.99 monthly

20  charges that Plaintiffs identify cannot support a conversion claim against Mobile Messenger

21  because Wise Media—not Mobile Messenger—allegedly collected those charges. (*Id.* ¶¶ 59, 82,

22  88, 100, 110.)

23       Second, Plaintiffs do not allege a "wrongful act" by Mobile Messenger, which requires

24  "some violation of substantive law." *Lopez v. Washington Mut. Bank*, 302 F.3d 900, 907 (9th

25  Cir. 2002). Plaintiffs allege only that Mobile Messenger aggregated text messages and

26  "monitored the billings, complaints, and cancellations" for Wise Media. (FAC ¶¶ 49, 51.)

27  Neither of these activities violates any substantive law, and neither is wrongful. In addition,

28  Plaintiffs fail to plead a "wrongful act" by Mobile Messenger because they admit that Wise

1    Media charged their telephone bills.  *See 900 Capitol Servs., Inc. v. Kluger, Peretz, Kalpan &*

2    *Berlin, P.A.*, 1997 WL 776372, at *5 (N.D. Cal. Dec. 1, 1997) (finding no wrongful act where

3    defendant "never assumed control over the subject funds").  Plaintiffs' contention that Mobile

4    Messenger should have known that Wise Media did not have Plaintiffs' consent for the charges

5    does not support a conversion claim either.  *See Spates v. Dameron Hosp. Assn.*, 7 Cal. Rptr. 3d

6    597, 609 (Ct. App. 2003) ("conversion requires affirmative action to deprive another of property,

7    not a lack of action").

8            **3.      Because Plaintiffs Have Not Identified Any Duty Owed by Mobile**
                        **Messenger And No Such Duty Exists, Plaintiffs' Negligence Claims**
9                       **Fail**

10           Plaintiffs' negligence claim fails from the start because Plaintiffs have not, and cannot,

11   allege that Mobile Messenger owed them any duty.  *See Hoyem v. Manhattan Beach City Sch.*

12   *Dist.*, 22 Cal. 3d 508, 513-514 (1978) (noting duty and breach of that duty are required elements

13   for negligence claim).  "Whether a duty is owed is simply a shorthand way of phrasing what is

14   'the essential question — whether the plaintiff's interests are entitled to legal protection against

15   the defendant's conduct.'"  *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 803 (1979) (quoting *Dillon v.*

16   *Legg*, 68 Cal. 2d 728, 734 (1968)).  "Courts, however, have invoked the concept of duty to limit

17   generally 'the otherwise potentially infinite liability which would follow from every negligent

18   act.'"  *Thompson v. County of Alameda*, 27 Cal. 3d 741, 750 (1980) (quoting *Dillon*, 68 Cal. 2d at

19   739).  "Whether this essential prerequisite to a negligence cause of action has been satisfied in a

20   particular case is a question of law to be resolved by the court."  *Quelimane Co. v. Stewart Title*

21   *Guar. Co.*, 19 Cal. 4th 26, 57 (1998).

22           It is not apparent from the FAC what duty Mobile Messenger allegedly owes Plaintiffs.  In

23   conclusory fashion, Plaintiffs merely allege that "Defendant owed Plaintiffs . . . a duty to use

24   reasonable care."  (FAC ¶ 176.)  As a matter of law, this conclusory allegation fails to state a

25   claim for negligence.  (*See id.* ¶ 59 ("The complaint must indicate the acts or omissions which the

26   plaintiff claims were negligently performed.").)

27           In addition, no usual grounds for imposing a duty on Mobile Messenger exist.  Mobile

28   Messenger is not in privity with Plaintiffs.  *See Biakanja v. Irving*, 49 Cal. 2d 647, 648-49 (1958)

1    (traditionally, there is "no liability for negligence committed in the performance of a contract in

2    the absence of privity").   There is no special relationship between Mobile Messenger and

3    Plaintiffs.  *Cf. J'Aire Corp.*, 24 Cal. 3d at 804 ("Where a special relationship exists between the

4    parties, a plaintiff may recover for loss of expected economic advantage through the negligent

5    performance of a contract although the parties were not in contractual privity.").   Nor does

6    Mobile Messenger's alleged relationship with Wise Media create a duty to Plaintiffs.  *Nally v.*

7    *Grace Community Church*, 47 Cal. 3d 278, 293 (1988) ("One is ordinarily not liable for the

8    actions of another and is under no duty to protect another from harm.")

9           Plaintiffs bear the burden of pleading facts demonstrating that Mobile Messenger has a

10   duty to them.  None of Plaintiffs' three alleged facts—alone or in concert—do this.  Accordingly,

11   Plaintiffs' negligence claim should be dismissed.

12              **4.       Plaintiffs Have Not and Cannot Allege a UCL Claim**

13          As a threshold matter, Plaintiffs are not entitled to the UCL's limited relief against Mobile

14   Messenger because it did not charge Plaintiffs any fees and therefore cannot make restitution.

15   *See Bradstreet v. Wong*, 161 Cal. App. 4th 1440, 1444 (2008) (citations omitted) (noting

16   equitable nature of UCL and that "prevailing plaintiffs are generally limited to injunctive relief

17   and restitution.")  Restitution is only available if "a defendant has wrongfully acquired funds or

18   property in which a plaintiff has an ownership or vested interest." *Id.* at 1461 (citations omitted);

19   *see also Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, No. C 07-3747 PJH, 2008 WL

20   5157710, at *21 (N.D. Cal. Dec. 8, 2008) ("[I]t is settled that restitution is available only if a

21   defendant has wrongfully acquired funds or property in which a plaintiff has an ownership or

22   vested interest.").   Mobile Messenger did not place the allegedly unauthorized charges on

23   Plaintiffs' telephone bills so it cannot make restitution, only Wise Media can.  *Bradstreet*, 161

24   Cal. App. 4th at 1461 ("Defendants cannot be required to return or restore . . . something they

25   never obtained.").  Therefore, Plaintiffs have not pleaded a UCL claim against Mobile Messenger.

26          In addition, Plaintiffs fail to plead facts supporting the elements of a UCL claim against

27   Mobile Messenger.  "To state a claim under the UCL, a plaintiff must plead that:  (1) defendant

28   engaged in one of the practices prohibited by the statute; and (2) plaintiff suffered actual injury in

MOBILE MESSENGER'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT
NO.12-05160 WHA

1    fact as a result of defendant's actions." *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1003-

2    04 (N.D. Cal. 2009).  Plaintiffs three alleged facts about Mobile Messenger fail to show that it

3    engaged in any of the practices prohibited by the UCL.

           **a.**     **Plaintiffs Fail to Plead Unlawful Conduct by Mobile Messenger**

5    In proscribing unlawful conduct, the UCL borrows violations of other laws and treats

6    them as independently actionable. *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th

7    824, 837 (2006).  Plaintiffs assert that alleged violations of Business and Professions Code

8    section 17602 (regarding automatic renewal programs) and Public Utilities Code section 2890

9    (governing telephone corporations) support their UCL claim against Mobile Messenger.  (FAC

10   ¶¶ 147, 149.)  But Plaintiffs fail to state a claim against Mobile Messenger under either of these

11   predicate violations.  They cannot, therefore, serve as predicate acts to Plaintiffs' UCL claim

12   against Mobile Messenger.

13   Business and Professions Code section 17602 imposes certain requirements on "any

14   business making an automatic renewal or continuous service offer to a consumer in this state."

15   The FAC, however, fails to plead facts showing that Mobile Messenger made "an automatic

16   renewal or continuous service offer" to any of the California Plaintiffs.[3]  In fact, the FAC alleges

17   that Wise Media "owns and operates" the websites which "offer consumers the opportunity to

18   enroll in subscription SMS text plans."  (FAC ¶ 37.)  The only allegations about Mobile

19   Messenger make clear that it merely aggregated text messages for Wise Media, not that it directly

20   made any offer to Plaintiffs.  (*See id.* ¶¶ 48-51.)  As Mobile Messenger made no offer to

21   consumers, section 17602 does not apply to it.

22   Nor does Public Utilities Code section 2890, which governs telephone corporations, apply

23   to Mobile Messenger. *See generally,* Cal. Pub. Util. Code Chapter 10, §§ 2871-2897 (governing

24   "Telephone Corporations"); *Elder v. Pac. Bell Tel. Co.*, 205 Cal. App. 4th 841, 846 n.6 (2012)

25   (suggesting that section 2890 only applies to public utilities).  So it too cannot be a predicate

---

[3] Plaintiffs Anderson, Hanson, Brewster, Brewster, and Kunder are not residents of California, and therefore are not "consumer[s] in this state." Cal. Bus. & Prof. Code § 17602(a).  Therefore they have no standing under section 17602.  Accordingly, the UCL claim is made only on behalf of Plaintiffs Hanks and Parmentier.

MOBILE MESSENGER'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT
NO.12-05160 WHA

1    violation for UCL purposes.  Even if section 2890 did govern Mobile Messenger, Plaintiffs allege

2    that Wise Media—not Mobile Messenger—placed the allegedly improper charges on their

3    telephone bills.  (*See* FAC ¶¶ 59, 82, 88, 100, 110.)

4         Moreover, because the causes of action Plaintiffs assert against Mobile Messenger all fail

5    for the reasons already explained, they cannot support Plaintiffs' UCL claim.  *Newsom v.*

6    *Countrywide Home Loans, Inc.*, 714 F. Supp. 2d 1000, 1010 (N.D. Cal. 2010); *see also Berryman*

7    *v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007) ("[A] violation of another law is

8    a predicate for stating a cause of action under the UCL's unlawful prong.").

9                        **b.    Plaintiffs Fail to Plead Unfair Conduct by Mobile Messenger**

10        Plaintiffs allege that Defendants' conduct is "unfair" because it "offends established

11   public policies and is immoral, unethical, oppressive, unscrupulous and substantially injurious to

12   consumers."  (FAC ¶ 144.)  This vague and conclusory allegation is nearly identical to an

13   allegation found by a court in this District to be insufficient to state a claim under the UCL's

14   unfairness prong.  *See Baba v. Hewlett Packard Co.*, No. C 09-05946 RS, 2010 WL 2486353 at

15   *8 (N.D. Cal. June 16, 2010) (holding allegation that "conduct offends public policy and is

16   unethical, oppressive, unscrupulous . . ." was inadequate to state a claim under UCL's unfair

17   prong).

18        Additionally, Plaintiffs have not pleaded sufficient facts to state a claim under the UCL's

19   unfairness prong.  Plaintiffs evoke two of California's tests for evaluating "unfair" conduct, but

20   meet neither.  One test requires the conduct be contrary to some legislatively declared public

21   policy that is "tethered to specific constitutional, statutory, or regulatory provisions."  *Drum v.*

22   *San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010).  Plaintiffs do not indentify

23   what "specific constitutional, statutory, or regulatory provisions" they rely on, which makes their

24   allegations deficient.  Moreover, as already demonstrated, Plaintiffs fail to state a claim against

25   Mobile Messenger under all of their causes of action.  This demonstrates that Mobile Messenger's

26   conduct is not contrary to any "specific constitutional, statutory, or regulatory provisions," which

27   would otherwise be properly pleaded.

28        The second test requires Plaintiffs to show that the conduct "is immoral, unethical,

**MOBILE MESSENGER'S MOTION TO DISMISS**
**FIRST AMENDED COMPLAINT**
**NO.12-05160 WHA**

oppressive, unscrupulous or substantially injurious to consumers" and requires the court to weigh the utility of the defendant's conduct against the harm to the alleged victim. *S. Bay Chevrolet v. GMAC*, 72 Cal. App. 4th 861, 886-87 (1999).   Because the conduct at issue here is Mobile Messenger's text message aggregation services—not Plaintiffs' non-specific allegations about "cramming" which are not plausibly asserted against Mobile Messenger—this test is not met. Mobile Messenger provides lawful text message aggregation services, and its conduct cannot conceivably be "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" even if it did provide those service (which it did not) to Wise Media.

      **c.**    **Plaintiffs Fail to Plead Fraudulent Conduct by Mobile Messenger**

Finally, Plaintiffs fails to state a claim under the UCL's fraudulent prong.  Any such claim is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b).  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003).  As explained in Section IV(A)(2) above, the FAC fails to comply with Rule 9(b) and should be dismissed.

**V.   CONCLUSION**

For the foregoing reasons, Defendant Mobile Messenger respectfully requests that Plaintiffs' First Amended Class Action Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Dated: April 29, 2013              ALAN SEGE, ESQ. P.C.

                                        */s/ Alan Sege*
                                        Alan Sege
                                        Attorneys for Defendant
                                        MOBILE MESSENGER AMERICAS, INC.

                                        COOLEY LLP

                                        */s/ Mazda K. Antia*
                                        Mazda K. Antia
                                        Attorneys for Defendant
                                        MOBILE MESSENGER AMERICAS, INC.