IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD FIELDS, an individual, CATHIE
O'HANKS, an individual, ERIK KRISTIANSON,
an individual, DAVID HANSON, an individual,
RICHARD PARMENTIER, an individual,
KIMBERLY BREWSTER, an individual, and
KRISTIAN KUNDER, an individual, individually
and on behalf of a class of similarly situated persons,

Plaintiffs,

v.

WISE MEDIA, LLC, a Georgia Limited Liability
Company, MOBILE MESSENGER AMERICAS,
INC., a Delaware Corporation, MBLOX, INC., a
Delaware Corporation, MOTRICITY, INC., a
Delaware Corporation, and DOES 1–10, inclusive,

Defendants.

No. C 12-05160 WHA

**ORDER DENYING
MOTION TO STAY AND
VACATING HEARING**

**INTRODUCTION**

In this putative class action involving an alleged text message scam, the immediate question is whether all proceedings should be stayed. For the reasons stated below, the motion to stay is **DENIED**.

**STATEMENT**

Plaintiffs are consumers who claim to be victims of a cell phone scam known as "cramming," which involves placing unauthorized charges on a telephone bill. Plaintiffs allege that they were enrolled and charged for text-message subscription plans without their knowledge

1 or consent. The principal perpetrator of the scheme is alleged to be defendant Wise Media, LLC, who owned and operated subscription plans that supposedly offered flirting tips, horoscope updates, celebrity gossip, and weight-loss advice.

The other defendants to this action — the so-called "aggregator defendants" — are Motricity, Inc., Mobile Messenger Americas, Inc., and mBlox, Inc. The complaint essentially alleges that these aggregator defendants helped perpetrate the scam by assisting with enrollment, billing, and customer support. The aggregator defendants allegedly acted with knowledge or reckless disregard for the fact that enrollments were not voluntary. Aggregators serve as middlemen between the local exchange carrier (like Verizon) and vendor (like Wise Media). Charges are placed on consumers' telephone bills with the aggregator's assistance and authorization. In this action, a charge of $9.99 was placed every month until the service was detected and then cancelled. The aggregator defendants then "shared in the revenue" from this scheme (Amd. Compl. ¶ 48).

Plaintiffs' complaint asserts five claims against the aggregator defendants: (1) violation of California Business and Professions Code Section 17200; (2) conversion; (3) negligence; (4) unjust enrichment; and (5) money had and received. A previous motion to dismiss all claims as to defendant Mobile Messenger was denied in part and granted only as to the claim under the "unfair prong" of Section 17200.

Six months after plaintiffs filed suit in this action, the Federal Trade Commission commenced an action against Wise Media in the United States District Court for the Northern District of Georgia, alleging much of the same misconduct as plaintiffs allege here. The aggregator defendants were not named as parties in the FTC action. The Georgia court issued a temporary restraining order placing Wise Media into receivership and staying proceedings against Wise Media while the receivership was pending. In pertinent part, that order held:

> [E]xcept by leave of this Court, during pendency of the Receivership . . . all customers . . . seeking to establish or enforce any claim, right, or interest against or on behalf of Receivership Defendant . . . are hereby stayed from . . . [c]ommencing, prosecuting, continuing, entering, or enforcing any suit or

>proceeding, except that such actions may be filed to toll any applicable statute of limitations . . .

*Federal Trade Comm'n v. Wise Media, LLC*, Case No. 13-cv-1234, at *31 (N.D. Ga. Apr. 19, 2013) (Judge William Duffey).

In response to the order in the FTC action, the aggregator defendants now request that this action be stayed "until the stay of claims against Wise Media is lifted" (Mot. 1). The issue, therefore, is the extent to which the stay order in the FTC action affects the proceedings here. As a matter of comity, this Court will honor the stay order by its sister court, at least to the extent understood and stated below.

### ANALYSIS

Aggregator defendants Motricity, Mobile Messenger, and mBlox insist that staying all proceedings in this action is "necessary" in light of the pending FTC action against Wise Media. This order disagrees.

A federal district court has the inherent power to control its own docket and calendar. *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). This discretion may be exercised in the interests of efficiency when the resolution of independent proceedings may have a bearing on the pending action. Courts must weigh competing interests in determining whether to issue a stay, including: (1) the possible prejudice which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A stay should not be issued lightly: "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Amer. Co.*, 299 U.S. 248, 255 (1936).

1. **PREJUDICE RESULTING FROM STAY.**

Defendants argue that granting a stay in this action would result in no prejudice to plaintiffs. This order disagrees. Plaintiffs have submitted historical data that suggests the average FTC action lasts for 583 days (Rosenfeld Decl. ¶ 5). While defendants may wish to

3

haggle over the particulars that may distinguish this FTC action from other FTC actions, the essential point is that the indefinite stay that defendants request will likely be long and therefore prejudicial. Plaintiffs have a legitimate interest in pursuing their claims in an expeditious manner and, at the very least, should be permitted to seek and receive discovery from the aggregator defendants while memories and evidence are still fresh, and to adjudicate those issues not dependant on Wise Media's participation.

### 2. HARDSHIP OR INEQUITY CAUSED BY PROCEEDING.

Defendants urge that a stay is necessary to prevent hardship or inequity because the Georgia court's stay order precludes any discovery from Wise Media. This argument is based upon a false premise. Plaintiffs may still seek discovery from Wise Media, as well as from the aggregator defendants.

The stay issued in the FTC action appears to be aimed at preserving Wise Media's assets for eventual distribution to victims and preventing a race among victims to collect from Wise Media. It is hard to believe that the Georgia court intended to suspend all proceedings on behalf of victims of the alleged scam even if those proceedings were against other alleged wrongdoers. Preserving assets, moreover, should not prevent victims from pursuing other alleged wrongdoers, such as the aggregator defendants. Nor does the stay order in the FTC action expressly bar discovery against Wise Media. Some discovery against Wise Media may be necessary in order for the proceedings against the aggregator defendants to go forward. This order anticipates that reasonable discovery against Wise Media is consistent with the stay order from the Georgia court. Thus although any cross-complaints for indemnity and for contribution against Wise Media would be subject to the stay (as well as the complaint itself against Wise Media), discovery against Wise Media related to the claims and defenses of the complaint in chief are not stayed. Defendants' objection that they would suffer hardship without a stay in this action is therefore without merit.

4

### 3. CONSIDERATIONS OF THE ORDERLY COURSE OF JUSTICE.

Finally, defendants stress that proceeding without Wise Media would be inefficient and could result in inconsistent findings. This order finds that this argument alone is insufficient to justify a stay.

Although it is appropriate to consider the effect of a stay on simplifying or complicating issues, proof, and questions of law, those considerations alone do not necessarily meet the high burden to compel the granting of a stay. *See Landis*, 299 U.S. at 255. Wise Media's liability is an important aspect of this action, but plaintiffs have successfully pled claims against the aggregator defendants that should be allowed to proceed. This is especially true because the aggregator defendants are not parties to the FTC action. The aggregator defendants seem particularly concerned that the Georgia court's stay order will prevent them for filing cross-claims against Wise Media. Not so. The stay order explicitly exempts actions filed to toll any applicable statute of limitations. The aggregator defendants should therefore not be unduly concerned that their ability to seek relief from Wise Media will be impeded.

### 4. STAY AS TO WISE MEDIA.

This order pauses to note that although there has been no motion to stay as to Wise Media, such a stay would be appropriate with respect to plaintiffs' claims against Wise Media. As a matter of comity, Judge Duffey's stay order in the FTC action will be recognized. As stated above, this does not preclude the parties herein from seeking and receiving reasonable discovery from Wise Media or its receiver.

### CONCLUSION

For the foregoing reasons, the motion to stay is **DENIED**. The hearing on this motion set for July 25 is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 19, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5