<div style="float:left">United States District Court<br>For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FIELDS, an individual, CATHIE O'HANKS, an individual, ERIK KRISTIANSON, an individual, DAVID HANSON, an individual, RICHARD PARMENTIER, an individual, KIMBERLY BREWSTER, an individual, and KRISTIAN KUNDER, an individual, individually and on behalf of a class of similarly situated persons,<br><br>            Plaintiffs,<br><br>    v.<br><br>WISE MEDIA, LLC, a Georgia Limited Liability Company, MOBILE MESSENGER AMERICAS, INC., a Delaware Corporation, MBLOX, INC., a Delaware Corporation, MOTRICITY, INC., a Delaware Corporation, and DOES 1-10, inclusive,<br><br>            Defendants.<br>_____/ | No. C 12-05160 WHA<br><br>**ORDER RE DEFENDANT mBLOX'S MOTION FOR SUMMARY JUDGMENT; VACATING HEARING** |

**INTRODUCTION**

In this putative class action involving an alleged text message scam, one "aggregator" defendant moves for summary judgment. Plaintiffs have filed a motion to defer ruling on or deny the motion for summary judgment pursuant to Rule 56(d). To the extent that plaintiffs have shown that discovery is necessary to oppose defendant's motion, the motion to defer ruling on the summary judgment motion is **GRANTED**. As to challenges to the legal sufficiency of

plaintiffs' complaint, the motion is **GRANTED IN PART** and **DENIED IN PART**. The hearing set for July 25 is **VACATED**.

## STATEMENT

The background facts have been set forth in prior orders and need not be repeated herein (see Dkt. Nos. 101 and 108). In brief, plaintiffs are consumers who claim to be victims of a cell phone scam known as "cramming." This is the practice of "placing unauthorized, misleading, or deceptive charges on a consumer's telephone bill." *Federal Trade Comm'n v. Inc21.com Corp.*, 745 F. Supp. 2d 975, 996 (N.D. Cal. 2010). Plaintiffs allege that they received unsolicited text messages from defendant Wise Media, LLC. Wise Media sent the initial text messages using equipment that produced phone numbers through a random sequential number generator. Some plaintiffs never responded to the initial text message, some sent a reply text message rejecting enrollment, and some never even received an initial text message because their phones were not programmed to allow text messaging services. Regardless of the nature of the response, all plaintiffs were enrolled in the subscription plans. Plaintiffs allege that they had no relationship with any defendant before receiving the initial text message and that their enrollment in the subscription plans was without their knowledge or consent (Amd. Compl. ¶¶ 40–43, 82, 103, 110).

Defendant mBlox, Inc., served as an aggregator for Wise Media by helping Wise Media administer the subscription plans and profited from the scheme. The complaint also names as defendants two more aggregators, Mobile Messenger Americas, Inc., and Motricity, Inc., who allegedly played the same role as mBlox in the scam. The California Code of Regulations defined (and still does define) an aggregator as "any person engaged in the business of facilitating the billing and collection of charges for intrastate telephone communication services by aggregating the information about telephone communication services provided by one or more service suppliers and submitting the combined information to one or more local exchange carriers for billing and collection." 18 CCR 2401(d). Vendors like Wise Media typically apply to the local exchange carrier and aggregator to obtain authorization to place charges on consumers' bills. The aggregator serves as a middleman between the local exchange carrier and

2

vendor by monitoring and processing billing and complaints. *See generally Inc21.com*, 745 F. Supp. 2d at 997. California Public Utilities Code Section 2890(d)(2) establishes certain standards to which aggregators must adhere; for example, aggregators must ensure that a clear and concise description of any service is added to a consumer's bill and they must maintain a toll-free telephone number to respond to any questions or disputes.

The complaint asserts that Wise Media could only charge consumers for the subscription plans with the assistance of mBlox and the other aggregator defendants. After Wise Media sent the initial text messages, the aggregator defendants, including mBlox, enrolled plaintiffs in the subscription plans without their knowledge or consent. These actions were taken regardless of plaintiffs' response (or lack thereof) to the initial text message, and with knowledge or reckless disregard for the fact that enrollment was not voluntary. Without permission, mBlox then billed plaintiffs $9.99 per month, and some plaintiffs incurred additional fees for receiving the text messages. The aggregators also furnished customer support for the subscription plans by monitoring billings, addressing complaints, and processing cancellations. mBlox "shared in the revenue" from this scheme (Amd. Compl. ¶¶ 40, 46–49, 51, 60).

Plaintiffs' complaint asserts five claims against mBlox and the other two aggregator defendants: (1) violation of California Business and Professions Code Section 17200; (2) conversion; (3) negligence; (4) unjust enrichment; and (5) money had and received. This order notes the procedural history of this action to date has resulted in overlapping briefing from the aggregator defendants. On April 29, Mobile Messenger filed a motion to dismiss all claims against it pursuant to Rule 12(b)(6). During the briefing on Mobile Messenger's motion to dismiss, defendant mBlox filed the instant motion for summary judgment. Plaintiffs filed an opposition to mBlox's motion along with a motion to defer ruling on defendant's motion, arguing that the summary judgment motion is premature. By order dated June 21, Mobile Messenger's motion to dismiss was denied in part and was granted only as to the motion to dismiss plaintiffs' Section 17200 claim under the unfair prong. As the briefing on mBlox's motion was complete before that order issued, neither party has had the benefit of the Court's

1  ruling on the issues raised by Mobile Messenger's motion to dismiss. This order will follow the
2  reasoning of the June order denying in part the motion to dismiss.

3  For the reasons stated below, plaintiffs' motion to defer ruling on the motion for
4  summary judgment is **GRANTED**. As to the portions of defendant's motion that raise purely
5  legal, rather than fact-based, arguments, this order will consider those arguments on the merits.[*]

## ANALYSIS

### 1. RULE 56(d).

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Rule 56(d) was renumbered in 2010 and "carries forward without substantial change the provisions of former subdivision (f)." Rule 56 advisory committee's notes. Our court of appeals requires that the party requesting relief under Rule 56(d) show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citation omitted). Where a summary judgment motion is filed early in the litigation, "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

Here, plaintiffs initially filed a complaint against Wise Media and aggregator defendant Mobile Messenger on October 4, 2012. Plaintiffs state that they were not aware of any other aggregators that worked with Wise Media at the time they filed the complaint. After Wise

---

[*] Plaintiffs request that judicial notice be taken of a complaint filed by the FTC against Wise Media in the Northern District of Georgia in *Federal Trade Commission v. Wise Media, LLC, et al.*, No. 13-1234 (N.D. Ga. 2013). As this order need not consider the document, the request for judicial notice is **DENIED AS MOOT**.

4

Media served its initial disclosures on February 11, 2013, plaintiffs amended their complaint to add mBlox as a defendant. As a result, mBlox was not served until March 22, 2013. On May 17, prior to answering or filing a motion to dismiss under Rule 12, mBlox filed the instant motion for summary judgment. Plaintiffs state, and defendant does not contest, that plaintiffs have served discovery requests on defendant. As defendant has not yet produced any documents in response to plaintiffs' document requests, plaintiffs prepared and filed their opposition to defendant's motion for summary judgment without the benefit of such discovery (Rosenfeld Decl. ¶ 8).

Plaintiffs have identified a number of facts they will seek through discovery that they contend "will demonstrate that mBlox was aware of extremely suspicious circumstances surrounding the [Wise Media subscription plans] while mBlox co-operated the plans" (Br. 7). These include, *inter alia*, refund rates for Wise Media customers (as compared to other vendors), the timing and nature of consumer complaints, defendant's involvement in the creation, launch, and operation of the plans, defendant's certification and/or auditing of the plans, and communications reflecting awareness of the fraudulent nature of the plans (*id*. at 7–8; Rosenfeld Decl. ¶ 12). Along with their opposition to defendant's motion for summary judgment, plaintiffs submitted a number of publicly available documents that appear to have originated from mBlox. The documents, which appear to be promotional materials and presentations, indicate that mBlox advertised its involvement in the creation, certification, and auditing of text messaging "campaigns" (Rosenfeld Decl. in Opp. to Mot. for Summary Judgment, Exhs. C–S). Moreover, it appears that at least some campaigns require the consumer to opt in to purchasing a subscription plan by sending a text message to a specific "shortcode" associated with a particular campaign (*id*. at Exh. I). Whether and to what extent defendant allowed Wise Media to enroll consumers without any affirmative opt-in (as compared to other vendors) may indicate defendant's knowledge and assistance in Wise Media's allegedly fraudulent subscription plans. Of course, discovery may reveal that none of these facts can be proven. At this early stage, however, plaintiffs have sufficiently established that they should be allowed to pursue discovery

5

1 from defendant in order to respond to the motion for summary judgment regarding mBlox's
2 involvement in the alleged scam, if any.

3 In support of its motion for summary judgment, defendant submitted the declarations of
4 Steven Love and Steven Rangel. The declaration of Mr. Love, Chief Financial Officer of
5 mBlox, states that mBlox entered into an agreement with Wise Media to provide aggregator
6 services to Wise Media. Mr. Love's three-paragraph declaration has little probative value here.
7 The declaration of Mr. Rangel, Vice President of Partnerships and Ecosystems at mBlox,
8 provides only a cursory overview of mBlox's services and relationship to Wise Media. He states
9 that "mBlox has no role in determining to which wireless subscribers a content provider will
10 send an SMS or PSMS message; that determination is made by each content provider" (Rangel
11 Decl. ¶ 8). He does not, however, address plaintiffs' additional claims regarding defendant's
12 alleged involvement in customer support and monitoring of billings, complaints, and
13 cancellations of Wise Media's allegedly fraudulent subscription plans (Amd. Compl. ¶ 51). Mr.
14 Rangel admits that wireless users can and do contact mBlox with questions concerning their
15 bills, but states in the same sentence that "mBlox does not have the means to monitor complaints
16 by wireless subscribers" (Rangel Decl. ¶ 9). This ambiguously worded sentence in a lawyer-
17 drafted declaration leaves open the possibility that complaints were received or mBlox was
18 otherwise aware of the scam. In any event, under our system, plaintiffs are not bound by defense
19 denials and are entitled to a reasonable chance to test the accuracy of the denials. At this early
20 stage, and on the limited record supplied by defendant, this order finds that plaintiffs have
21 adequately established that they are entitled to seek appropriate discovery in order to oppose
22 defendant's motion under Rule 56(d). Accordingly, plaintiffs' motion to defer ruling on the
23 motion for summary judgment is **GRANTED**.

24 Except as ruled on below, the motion for summary judgment will remain open and will
25 be re-heard on December 12, 2013, assuming that both sides cooperate in discovery. Defendant
26 may file a 15-page supplemental brief and supplemental evidence in support of the motion by
27 November 7. By November 21, plaintiffs must file their opposition to the summary judgment
28

1 motion with the benefit of the discovery to be obtained in the interim. Defendant's reply, if any,
2 is due by November 28.

### 2. DEFENDANT'S CHALLENGE TO LEGAL SUFFICIENCY OF COMPLAINT.

Although defendant's motion is styled as a motion for summary judgment based on factual matters, the motion also contends that plaintiffs' claims fail as a matter of law. As to arguments defendant raises based solely on the sufficiency of the allegations in the complaint, this order will consider those arguments as a motion to dismiss for failure to state a claim. *See Schwartz v. Compagnie Gen. Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968); *Pascual v. Aurora Loan Servs., LLC*, No. 10-759, 2012 WL 2355531, at *2 (D. Haw. Jun. 19, 2012) (Judge J. Michael Seabright) (collecting cases). "[A] summary-judgment motion may be made on the basis of the pleadings alone, and if this is done it functionally is the same as a motion to dismiss for failure to state a claim or for a judgment on the pleadings." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Practice & Procedure § 2713 (3d ed. 1998). This order now turns to consider defendant's legal challenges to each of plaintiffs' five claims for relief.

### A. Conversion.

A plaintiff must plead three elements to state a claim for conversion: (1) ownership or right to possession of personal property; (2) a defendant's wrongful interference with the claimant's possession; and (3) damage to the claimant. *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 58 Cal. Rptr. 3d 516, 524 (Cal. Ct. App. 2007). Money cannot be the subject of a claim for conversion unless there is a specific, identifiable sum involved. *McKell v. Wash. Mutual, Inc.,* 49 Cal. Rptr. 3d 227, 255 (Cal. Ct. App. 2006). As set forth in the June order denying in part defendant Mobile Messenger's motion to dismiss, at this stage in the litigation, it is only necessary for plaintiffs to allege an amount of money that is "capable of identification" rather than the specific, identifiable sum that would be required to sustain the claim at the summary judgment stage. *Natomas Gardens Inv. Group v. Sinadinos*, 710 F. Supp. 2d 1008, 1019–20 (E.D. Cal. 2010) (Judge Frank Damrell).

Defendant mBlox asserts that plaintiffs' conversion claim must fail. This order disagrees. Defendant first argues that in order to maintain a claim for conversion of money, plaintiffs must establish that there is a "special relationship" between plaintiffs and mBlox. Defendant relies on *Williamson v. Reinalt-Thomas Corp.*, No. 11-CV-03548-LHK, 2012 WL 1438812, at *4 (N.D. Cal., Apr. 25, 2012) (Judge Lucy Koh) (citations and quotations omitted, emphasis added), which stated that:

> California cases permitting an action for conversion of money *typically* involve those who have misappropriated, commingled, or misapplied specific funds held for the benefit of others. Thus, a claim for conversion *may* be stated when there is a special relationship between the parties where the defendant has a duty to retain or apply funds on the plaintiff's behalf.

This order disagrees with defendant that the language in *Williamson* implied that a "special relationship" is required to state a claim for conversion. "Typically" does not mean "always." Rather, decisions considering claims of conversion of money focus on whether a specific sum has been alleged. *See PCO,* 58 Cal.Rptr.3d at 524–26. Although the sum may be more easily ascertained when the claim involves specific funds "held for the benefit of others," there is no requirement that plaintiff establish any particular relationship with defendant in order to pursue a claim for conversion.

Defendant further urges that the claim rests on overcharging, which defendant argues cannot be the basis for a conversion claim. Plaintiffs counter that the complaint does not allege overcharging, but rather theft. This order agrees with plaintiffs' construction of the facts alleged. The decisions relied upon by defendant involve overcharging by banks where the plaintiffs initially authorized some form of transaction and were then charged for more than that amount without authorization. Plaintiffs here allege that there was no prior interaction with defendants and that each plaintiff was charged for subscription plans without his or her knowledge or consent. The overcharging cases are therefore clearly distinguishable.

### B.    Negligence.

The elements of negligence under California law are: "(a) a *legal duty* to use due care; (b) a *breach* of such legal duty; [and] (c) the breach as the *proximate or legal cause* of the resulting injury." *Evan F. v. Hughson United Methodist Church*, 8 Cal. App. 4th 828, 834

8

1    (1992) (emphasis in original). The previous order denying Mobile Messenger's motion to
2    dismiss plaintiffs' negligence claim held that the complaint adequately alleged that Mobile
3    Messenger owed plaintiffs a duty to use reasonable care regarding Wise Media's allegedly
4    fraudulent subscription plans. Mobile Messenger's argument that it was not in privity and had
5    no special relationship with plaintiffs was denied on the ground that plaintiffs are not required to
6    establish a special relationship to state a claim for negligence.

7    Here, mBlox contends that the negligence claim is barred by the economic loss doctrine.
8    Under California law, a consumer may not recover under a negligence theory "for purely
9    economic loss due to disappointed expectations, unless he can demonstrate harm above and
10   beyond a broken contractual promise." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th
11   979, 988 (2004). As stated by the California Supreme Court, "[r]ecognition of a duty to manage
12   business affairs so as to prevent purely economic loss to third parties in their financial
13   transactions is the exception, not the rule, in negligence law." *Quelimane Co. v. Stewart Title*
14   *Guaranty Co.*, 19 Cal. 4th 26, 58 (1998). Absent an applicable exception, "[e]conomic losses are
15   not recoverable under negligence." *S.M. Wilson & Co. v. Smith Intern., Inc.*, 587 F.2d 1363,
16   1376 (9th Cir. 1978) (citing *Seely v. White Motor Co.*, 63 Cal. 2d 9, 18 (1965)). The California
17   Supreme Court applies a six-factor test to determine whether a "special relationship" exists such
18   that plaintiffs are not barred by the economic loss rule from seeking recovery for negligence.
19   *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 803–04. The factors are: (1) the extent to which the
20   transaction was intended to affect plaintiffs, (2) the foreseeability of harm to plaintiffs, (3) the
21   degree of certainty that plaintiffs suffered injury, (4) the closeness of the connection between
22   defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's
23   conduct and (6) the policy of preventing future harm. *Ibid.*; *Aas v. Super. Ct.*, 24 Cal. 4th 627,
24   646 (2000). This order concludes that the economic loss doctrine applies to plaintiffs'
25   negligence claim against mBlox, such that plaintiffs must establish a "special relationship" under
26   the *J'Aire* test.

27   Defendant contends that plaintiffs' own allegations prove that they cannot meet the first
28   factor of the test, because they must demonstrate that the relevant transaction "affect[ed] the

9

plaintiff[s] in particular as opposed to similarly situated purchasers." *NuCal Foods, Inc. V. Quality Egg LLC,* No 10-3105, 2013 WL 178243, at *6 (E.D. Cal. Jan. 16, 2013) (Judge Kimberly Mueller) (citing *Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.*, No. 96-2494, 2009 WL 1636036, at *5 (N.D. Cal. June 8, 2009) (Judge Claudia Wilken)). Our court of appeals, however, stated in an unpublished opinion that the district court in *Kalitta* "erred by not fully considering all six factors." *Kalitta Air, LLC v. Cen. Tex. Airborne Sys., Inc.*, 315 F. App'x 603, 606 (9th Cir. 2008). Defendant's reliance on plaintiffs' alleged failure to satisfy one factor is not dispositive here. Plaintiffs' amended complaint has, however, failed to adequately allege why the economic loss doctrine does not apply to bar their claims against mBlox; specifically, the complaint does not allege sufficient facts establishing why the *J'Aire* factors weigh in favor of finding a "special relationship." Accordingly, mBlox's motion to dismiss the negligence claim is **GRANTED WITH LEAVE TO AMEND**.

### C. Unjust Enrichment and Money Had and Received.

Defendant contends that California law does not recognize unjust enrichment as a stand-alone claim for relief. As stated in the June order denying in part Mobile Messenger's motion to dismiss, this Court agrees. It is possible, however, to plead a claim that gives rise to a right to restitution. *McBride v. Boughton*, 20 Cal. Rptr. 3d 115, 121 (Cal. Ct. App. 2004) (quotations omitted). As stated in that order, plaintiffs' purported claim for unjust enrichment is best construed as an attempt to plead a claim for restitution. *See McBride*, 20 Cal. Rptr. 3d at 121. The complaint alleges facts to support such a claim.

Next, defendant argues that the claim for money had and received rises and falls on the basis of the other claims. Again, as set forth in the June order, plaintiffs assert that defendants billed them $9.99 per month for the unauthorized subscription plans. Defendant mBlox shared in the revenue of this alleged scheme. Plaintiffs have adequately stated a claim for money had and received.

### D. California's Unfair Competition Law.

As discussed above, this order declines to consider at this time defendant's submissions regarding the extent of its involvement in or knowledge of Wise Media's subscription plans.

10

Defendant does make several legal arguments concerning plaintiffs' Section 17200 claim, which this order will now address.

Defendant first argues that the Section 17200 claim cannot proceed based on plaintiffs' theory of aiding-and-abetting liability, which requires actual knowledge and not merely "suspicion" of wrongdoing. This characterization of the complaint is incorrect — the allegations therein plead that defendant "knew" (or recklessly disregarded) the fact that consumers had not voluntarily enrolled in the subscription plans (Amd. Compl. ¶ 51). Defendant's argument is therefore without merit.

Defendant next contends that plaintiffs' allegations under the unlawful and fraudulent prongs of Section 17200 are inadequate. The June order rejected similar arguments made by defendant Mobile Messenger. The amended complaint alleges facts to support plaintiffs' reliance on California Public Utilities Code Section 2890 and Business and Professions Code Section 17602 as predicate statutes under Section 17200's unlawful prong. Plaintiffs also comply with the standard under Rule 9(b) by alleging fraud with particularity. Because the alleged conduct would likely deceive members of the public, plaintiffs successfully state a claim under the fraudulent prong of Section 17200.

As set forth in the June order, plaintiffs did *not* adequately state a claim under the unfair prong of Section 17200 because they failed to tether the allegedly "unfair" conduct to an established legislative policy. *See Bardin v. Daimlerchrysler Corp.*, 39 Cal. Rptr. 3d 634, 645 (Cal. Ct. App. 2006). Plaintiffs were given leave to amend that part of the claim by July 12, but chose not to do so. Plaintiffs' claim under the unfair prong of Section 17200 is therefore **DISMISSED WITHOUT LEAVE TO AMEND** as to all defendants.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to defer ruling on mBlox's motion for summary judgment is **GRANTED**. Except as ruled on above, the motion for summary judgment will remain pending and is hereby set for hearing on **DECEMBER 12, 2013**. As stated above, defendant may file a 15-page supplemental brief and supplemental evidence in support of its motion for summary judgment, due by **NOVEMBER 7**. Plaintiffs must file an opposition to the

summary judgment motion by **NOVEMBER 21**. Defendant's reply, if any, is due by **NOVEMBER 28**. In the interim, the parties must diligently pursue and provide appropriate discovery.

As to the challenges to the complaint raised on legal grounds, which this order construes as a motion to dismiss for failure to state a claim upon which relief can be granted, the motion is **GRANTED IN PART** and **DENIED IN PART**. As to the claim for negligence, plaintiffs may seek leave to file an amended complaint and will have until **AUGUST 5, 2013**, to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. A proposed amended complaint must be appended to the motion. Plaintiffs should plead their best case. The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein, and should include as an exhibit a redline or highlighted version identifying all changes. As to the claim under the unfair prong of Section 17200, plaintiffs have already been given an opportunity to seek leave to amend their complaint but failed to do so; accordingly plaintiffs may not seek leave to amend the Section 17200 claim. The hearing set for July 25, 2013, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: July 19, 2013

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

12