IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FIELDS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WISE MEDIA, LLC, *et al.*, <br><br> Defendants. | No. C 12-05160 WHA <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

## INTRODUCTION

In this putative class action involving an alleged text message scam, plaintiffs move for leave to file a second amended complaint. To the extent stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Plaintiffs are consumers who claim to be victims of a text message scam known as "cramming." This is the practice of "placing unauthorized, misleading, or deceptive charges on a consumer's telephone bill." *Federal Trade Comm'n v. Inc21.com Corp.*, 745 F. Supp. 2d 975, 996 (N.D. Cal. 2010). Plaintiffs' first amended complaint alleged that plaintiffs received unsolicited text messages from defendant Wise Media, LLC and were subsequently enrolled in a text message subscription plan without their knowledge or consent. It also claimed that aggregators worked with Wise Media to administer the subscription plans and profit from the scam, but it only named defendants mBlox, Inc., Mobile Messenger Americas, Inc. ("Mobile Messenger"), and Motricity, Inc. as aggregators. Wise Media allegedly cannot charge

consumers for the subscription plans without the assistance of aggregator defendants (First Amd. Compl. ¶¶ 40–43, 46–49, 51, 60, 82, 103, 110).

A case management order on March 23, 2013, set May 29 as the deadline for seeking leave to add new parties or pleading amendments. Plaintiffs diligently pursued discovery in this action and eventually discovered new documents from the receiver for Wise Media and various government agencies. Based on information contained within the documents, plaintiffs filed the instant motion for leave to file an amended complaint on August 5, 2013. Plaintiffs' proposed pleading alleges that Wise Media did not act alone in operating the cell phone scam but worked in a joint venture with proposed new defendants Mobile Messenger Australia Pty. Ltd. ("Mobile Messenger Australia"), the Winley Group, LLC, M-Qube, and existing defendant Mobile Messenger to operate the scam. Moreover, it asserts that defendants Mobile Messenger, mBlox, Motricity, and proposed new defendant M-Qube sent the unsolicited text messages to plaintiffs using content that was approved by defendants Wise Media and Winley Group (Second Amd. Compl. ¶¶ 1, 4–6, 56–75). Defendant Mobile Messenger opposes. Defendants Motricity and mBlox join Mobile Messenger's opposition.

For the reasons stated below, plaintiffs' motion for leave to file a second amended complaint is **GRANTED IN PART AND DENIED IN PART**.

## ANALYSIS

**1.     LEGAL STANDARD.**

Leave to amend a complaint shall be freely given when justice so requires under Rule 15(a). This standard is applied liberally. "In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) does not apply, however, when a district court has established a deadline for amended pleadings under Rule 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Once a court has entered a scheduling order, the liberal policy favoring amendments no longer applies.

1  Subsequent amendments are not allowed without a request to first modify the scheduling order.
2  At that point, any modification must be based on a showing of good cause. *Coleman v. Quaker*
3  *Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

4  The inquiry under Rule 16(b)'s good cause standard focuses in part on the diligence of
5  the party seeking the amendment. "The district court may modify the pretrial schedule if it
6  cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975
7  F.2d at 609 (internal quotations omitted).

**2.    GOOD CAUSE STANDARD UNDER RULE 16(b).**

9  This motion is governed by the good cause standard of Rule 16(b) since the deadline for
10 amendments has passed. Plaintiffs have diligently pursued discovery in this case. Plaintiffs'
11 attorney Jeffery Rosenfeld states in his sworn declaration that despite numerous attempts to
12 solicit documents from defendants, defendant Wise Media never responded to plaintiffs'
13 discovery requests and defendant Mobile Messenger refused to produce any documents because
14 it categorically denies any involvement in any of the alleged transactions (Decl. of Jeffery
15 Rosenfeld ¶¶ 2–8, Exh. E at 12). Thus, plaintiffs were forced to request documents from the
16 court-appointed receiver for Wise Media and filed requests for information with several
17 government agencies under the Freedom of Information Act, 5 U.S.C. 552, and analogous state
18 statutes. Plaintiffs finally received responses to their discovery requests from the receiver and
19 various government agencies in June and July 2013, which is past the deadline for amendments
20 (*Id.* ¶¶ 9–10).

21 Plaintiffs did not know about the proposed new defendants or the facts underlying their
22 new claims for relief until they discovered the documents obtained from the government and
23 Wise Media's receiver. Moreover, defendants do not contest that plaintiffs were diligent in
24 pursuing discovery.

**3.    NEGLIGENCE CLAIM.**

26 In an earlier order granting defendant mBlox's motion to dismiss plaintiffs' negligence
27 claim, plaintiffs were informed that factual specificity was required if they wished to re-plead
28 their negligence claim against aggregator defendants. In particular, plaintiffs needed to address

3

whether a "special relationship" exists under the six *J'Aire* factors in order to overcome the economic loss rule that bars recovery for negligence. *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 803–05 (1979). The factors are: (1) the extent to which the transaction was intended to affect plaintiffs, (2) the foreseeability of harm to plaintiffs, (3) the degree of certainty that plaintiffs suffered injury, (4) the closeness of the connection between defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct and (6) the policy of preventing future harm. *Ibid.* Plaintiffs do not need to prevail on every *J'Aire* factor because our court of appeals has stated in an unpublished opinion that a district court must weigh all six factors. *Kalitta Air, LLC v. Cen. Tex. Airborne Sys., Inc.*, 315 F. App'x 603, 606 (9th Cir. 2008).

*First*, plaintiffs' proposed pleading alleges that aggregator defendants agreed to work with Wise Media to enroll consumers, including all plaintiffs, in the text message scam (Second Amd. Compl. ¶¶ 135–137). It does not, however, sufficiently demonstrate that aggregator defendants' agreement with Wise Media "affect[ed] the plaintiff[s] in particular as opposed to similarly situated purchasers." *NuCal Foods, Inc. v. Quality Egg, LLC,* No 10-3105, 2013 WL 178243, at *6 (E.D. Cal. Jan. 16, 2013) (Judge Kimberly Mueller) (citing *Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.*, No. 96-2494, 2009 WL 1636036, at *5 (N.D. Cal. June 8, 2009) (Judge Claudia Wilken)). Thus, it has not satisfied the *J'Aire* intent factor.

*Second*, it claims that plaintiffs' harm was foreseeable because aggregator defendants disregarded excessive refund and cancellation rates, customer complaints, consumer watchdog warnings, state and federal government agency inquiries, and wireless carrier complaints (Second Amd. Compl. ¶¶ 140–144). These allegations are sufficient to plausibly satisfy the *J'Aire* factor of foreseeability of harm to plaintiffs.

*Third*, it plausibly satisfies the *J'Aire* factor of certainty of injury because it alleges that each plaintiff paid the monthly subscription cost of the text message scam (*Id.* at ¶ 144).

*Fourth*, it argues that aggregator defendants played a central role in the text message scam and that Wise Media allegedly cannot charge consumers for the subscription plans without the assistance of aggregator defendants (*Id.* at ¶ 6, 71, 145). These allegations are factually

4

sufficient to plausibly satisfy the *J'Aire* factor of close connection between defendants' conduct and plaintiffs' injury.

*Fifth*, the proposed amendment claims that defendants' conduct was morally blameworthy because it was fraudulent (*Id*. at ¶ 146). Fraud is sufficient to plausibly satisfy the *J'Aire* factor of moral blameworthiness.

*Sixth*, the proposed amendment argues with factual specificity why public policy supports imposing greater responsibility on aggregator defendants by citing to reports and recommendations by the FCC, the FTC, state attorneys general, and consumer watchdogs (*Id*. at ¶¶ 147–154). Thus, it has plausibly satisfied the *J'Aire* factor of public policy.

Plaintiffs have asserted sufficient facts to plausibly meet the second, third, fourth, fifth, and sixth *J'Aire* factors. Moreover, defendants do not oppose plaintiffs' arguments in support of re-pleading their negligence claim (Opp. at 1). On balance, plaintiffs have sufficiently pled an amended negligence claim in consideration of all *J'Aire* factors.

### 4. FUTILITY UNDER RULE 12(b)(6).

Plaintiffs' second amended complaint also adds new defendants and asserts three new claims for relief based on recently discovered information. These new claims are for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227(b), trespass to chattels, and interference with contract.

Defendants limit their opposition to futility. "Evaluating whether a proposed amendment is futile requires the Court to determine whether the amendment would withstand a motion to dismiss under [Rule] 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Dismissal under Rule 12(b)(6) may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys., LP*, 516 F.3d 759, 763 (9th Cir. 2008). While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

#### A. Plaintiff's Joint Venture Theory of Liability.

5

In order to state a plausible claim for a joint venture theory of liability under California law, plaintiffs must plead with sufficient factual particularity the following elements: (1) members must have joint control over a venture, even though they may delegate it, (2) members must share profits of the undertaking, and (3) members much each have an ownership interest in the enterprise. *Simmons v. Ware*, 213 Cal. App. 4th 1035, 1049 (2013).

While plaintiffs have pled sufficient facts to plausibly show joint control and ownership, they have not yet plausibly shown that merchant defendants share the profits of the undertaking with specific particularity. *Id.* at 1052 ("A joint venture can be formed by . . . an agreement implied by the parties' conduct."). In particular, plaintiffs' proposed pleading alleges that "all of the Merchant Defendants shared in the revenue generated from the Subscription Plans" (Second Amd. Compl. ¶ 65). Plaintiffs are merely parroting the second element of the joint venture theory without providing facts to support their wholly conclusory allegation. More specific facts should have been pled about merchant defendants' alleged profit sharing in order to ground a plausible joint venture theory of liability. *Twombly*, 550 U.S. at 555. Thus, plaintiffs have failed to state a plausible claim for a joint venture theory of liability.

### B. Plaintiff's Trespass to Chattels Claim.

To allege a plausible claim for trespass to a computer system or similar device, California law requires that plaintiffs plead with factual particularity that the purported trespass: (1) caused physical damage to the personal property, (2) impaired the condition, quality, or value of the personal property, or (3) deprived plaintiff of the use of personal property for a substantial time. *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1356 (2003). The California Supreme Court has emphasized that:

> . . . under California law the tort [of trespass] does not encompass, and should not be extended to encompass, an electronic communication that neither damages the recipient computer system nor impairs its functioning. Such an electronic communication does not constitute an actionable trespass to personal property, i.e., the computer system, because it does not interfere with the possessor's use or possession of, or any other legally protected interest in, the personal property itself.

*Id*. at 1347.

Plaintiffs allege that *Hamidi* does not preclude their claims for trespass to chattels because defendants' interference with plaintiffs' phones by sending unsolicited text messages directly affects a "legally protected interest" of plaintiffs, even if their phones are not physically damaged. The legally protected interest that at issue is against unauthorized charges from unsolicited text messages (Second Amd. Compl. ¶ 204). Plaintiffs cite to *Therapeutic Research Faculty*, a federal district court decision that denied a motion to dismiss a trespass to chattels claim when the plaintiff alleged a financial injury resulting from the trespass to his computer, as opposed to physical damage to the computer itself. *Therapeutic Research Faculty v. NBTY, Inc.*, 488 F. Supp. 2d 991, 993–94 (E.D. Cal. 2007) (Judge Garland Burrell, Jr.).

The California authorities have not yet addressed the validity of plaintiffs' distinction of *Hamidi*. Nor has our court of appeals. District courts in California, however, have addressed the question of whether physical damage to the computer or device is necessary to underlie a trespass to chattels claim and are split. In contrast to *Therapeutic Research Faculty*, some district courts interpret *Hamidi* to require actual physical harm to the computer or device in order to ground a trespass to chattels claim. The district court in *Craigslist* held that in order for "a [trespass] claim to lie, a defendant's access to the system must cause actual damage, such as impairment as to the condition, quality, or value of the system or deprivation of its use for a substantial time*.*" *Craigslist Inc. v. 3Taps Inc.*, No. 12-3816, 2013 U.S. Dist. LEXIS 61837, at *48 (N.D. Cal. April 30, 2013) (Judge Charles Breyer) (citations omitted). The district court in *LaCourt* cited the "California Supreme Court [which held] that the tort [of trespass to chattel] does not encompass . . . an electronic communication that neither damages the recipient computer system nor impairs its functioning." *LaCourt v. Specific Media, Inc.*, No. 10-1256, 2011 U.S. Dist. LEXIS 50543, at *20 (N.D. Cal. April 28, 2011) (Judge George Wu) (citations omitted).

Allowing plaintiffs to assert a claim for trespass to chattels absent actual physical harm or impairment to their phones would vastly expand tort law and this order will not do so absent binding Ninth Circuit authority. This order denies plaintiffs leave to add trespass to chattels as a claim for relief based on the plain reading of *Hamidi*.

7

Plaintiffs misinterpret the language of *Hamidi* by asserting that "trespass covers situations where the defendant's interference with the plaintiff's chattel directly affects a legally protected interest *of the plaintiff*" (Reply Br. at 8) (emphasis added). In fact, the language of *Hamidi* actually states that the tort of trespass covers situations where a defendant's trespass to a plaintiff's chattel interferes with a plaintiff's "legally protected interest in, *the personal property itself*." *Hamidi*, 30 Cal. 4th at 1347 (emphasis added). Plaintiffs' misleading interpretation of the language contained in *Hamidi* is unwarranted. The California Supreme Court clearly intended the tort of trespass not to "encompass, an electronic communication that neither damages the recipient computer system nor impairs its functioning." *Hamidi*, 30 Cal. 4th at 1347.

In the instant action, plaintiffs are alleging a financial injury that did not result from the physical damage or interference with their phones. Thus, plaintiffs' trespass claim for relief is futile because it is based on a lack of a cognizable legal theory. *Johnson*, 516 F.3d at 763 (9th Cir. 2008).

**C.    Plaintiffs' Intentional Interference With Contract Claim.**

In order to state a plausible claim for intentional interference with contractual relations, plaintiffs must plead with factual specificity:  (1) the existence of a valid contract between plaintiffs and a third party, (2) defendants' knowledge of the contract, (3) defendants' intentional acts designed to induce a breach or disruption of the contractual relationship, (4) actual breach or disruption of the contractual relationship, and (5) resulting damage. *Pacific Gas & Electric Co. v. Bear Stearns & Co.,* 50 Cal.3d 1118, 1126 (1990). A plaintiff need not allege an actual or inevitable breach of a contract to state a claim for disruption of contractual relations; the California authorities have recognized an interference claim if a plaintiff's performance is made more costly or burdensome. *Ibid.*

Here**,** the alleged contract is between plaintiff Fields and his mobile carrier. The proposed pleading alleges that aggregator defendants knew that sending Fields unsolicited texts "would likely interfere with [his contract] by imposing unauthorized fees" (Second Amd. Compl. ¶ 211). Without reaching the other elements, this order holds that imposing a twenty cent fee

8

does not, as a matter of law, make performance under a contract more costly or burdensome. A reasonable person would not think that a twenty cent charge plausibly increased the cost of plaintiff Field's performance under his mobile phone contract. Therefore, plaintiffs have failed to state a plausible claim for interference with contract as a matter of law.

### D. Specific Plaintiffs' Ability to Sue Defendants.

Defendant Mobile Messenger asserts that plaintiffs Fields, Kristianson, Kevin Brewster, and Kimberley Brewster cannot maintain their TCPA claims against defendants Mobile Messenger, m-Qube, or Mobile Messenger Australia because these defendants did not cause plaintiffs' injuries. The proposed second amended complaint alleges that defendant Motricity sent the unsolicited text messages to plaintiff Fields and defendant mBlox sent text messages to plaintiffs Kristianson, Kevin Brewster, and Kimberly Brewster (Second Amd. Compl. ¶¶ 166, 168). Thus, Mobile Messenger claims that these specific plaintiffs lack standing to sue defendants Mobile Messenger, m-Qube, and Mobile Messenger Australia because those defendants did not cause the alleged injuries (Opp. at 16). *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Aside from joining defendant Mobile Messenger's opposition, defendants Motricity and mBlox did not file any additional oppositions.

Plaintiffs reply by noting that the proposed second amended complaint alleges a joint venture theory of liability between "merchant" defendants Wise Media, Winley Group, Mobile Messenger, M-Qube, and Mobile Messenger Australia and that those defendants "authorized" sending the text messages (Reply Br. at 11). As explained above, plaintiffs failed to plead an adequate joint venture theory of liability. Thus, plaintiffs cannot rely on a joint venture theory to bind defendant Mobile Messenger. Moreover, wholly conclusory allegations that defendants "authorized" the text messages without supporting facts will not survive defendants' motion to dismiss. Therefore, plaintiffs Fields, Kristianson, Kevin Brewster, and Kimberly Brewster lack standing to assert their proposed TCPA claims against any defendant except defendants mBlox and Motricity. It should be noted that even if plaintiffs had sufficiently pled their theory of joint venture liability, their TCPA claims would still be futile against all of the defendants except defendants mBlox and Motricity because plaintiffs did not allege that mBlox and Motricity were

9

members of the joint venture. Alleged members of the joint venture cannot be liable for actions taken by mBlox and Motricity based on the joint venture theory of liability.

## CONCLUSION

Plaintiffs have adequately pled their amended negligence claims and TCPA claims against aggregator defendants Motricity and mBlox. On the other hand, plaintiffs have failed to adequately state a joint venture theory of liability, trespass to chattels claim, and interference with contracts claim. To the extent stated above, plaintiffs' motion for leave to file a second amended complaint is **GRANTED IN PART AND DENIED IN PART WITHOUT LEAVE TO AMEND**.

Plaintiff must file an amended complaint conforming to this order by **OCTOBER 1, 2013, AT NOON**, and defendants must file an answer thereto by **OCTOBER 22, 2013, AT NOON**. No further motions to dismiss will be considered.

**IT IS SO ORDERED.**

Dated: September 24, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE